

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO. |
| | § | |
| v. | § | |
| | § | 4-07-CV-487-A |
| GOOGLE, INC., | § | |
| | § | |
| Defendant | § | |

APPENDIX

| CASE | TAB No. |
|---|---|
| Choice Hotels Int'l v. Westhill Hotels I, Ltd., 1996 WL 706876 (N.D. Tex. Dec. 4, 1996). | 1 |
| Doe v. Bates, 2006 WL 3813758 (E.D. Tex. 2006). | 2 |
| Edina Realty, Inc. v.  The MLSonline.com, 2006 WL 737046 (D. Minn. Mar. 20, 2006). | 3 |
| Government Employees Ins. Co. v. Google, Inc., 2005 WL 1903128 (E.D. Va. 2005). | 4 |
| J. G. Wentworth, S.S.C. Ltd. P'ship v. Settlement Funding LLC, 2007 WL 30115 E.D. Pa. Jan. 4, 2007). | 5 |
| MCW, Inc. v. Badbusinessbureau.com, LLC, 2004 WL 833595 (N.D. Tex. Apr 19, 2004). | 6 |
| Perfect 10, Inc. v. Visa Int'l Service Assoc., 2004 WL 1773349 (N.D. Cal. Aug. 5, 2004). | 7 |
| Prickett v. info USA, 2006 WL 887431 (E.D. Tex. 2006). | 8 |

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 706876 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.)**

**C**
Choice Hotels, Intern., Inc. v. Westhill Hotels I Limited
N.D.Tex.,1996.
Only the Westlaw citation is currently available.
United States District Court, N.D. Texas, Dallas Division.
CHOICE HOTELS, INTERNATIONAL, INC., Plaintiff,
v.
WESTHILL HOTELS I LIMITED d/b/a Clarion Hotels and Inn Central, Defendant.
**No. CIV.A. 3:95-CV-1470P.**

Dec. 4, 1996.

SOLIS, District Judge.
*1 Now before the Court are.

1. Plaintiff's Motion For Summary Judgment, filed August 19, 1996;

2. Defendant's Response To Plaintiff's Motion For Summary Judgment, Cross-Motion For Summary Judgment, and Brief, filed September 9, 1996;

3. Plaintiff's Response To Defendant's Cross Motion For Summary Judgment and Reply To Defendant's Response To Plaintiff's Motion For Summary Judgment, filed September 25, 1996;

4. Defendant's Reply To Plaintiff's Summary Judgment Response, filed October 2, 1996;

5. Plaintiff's Supplemental Response To Defendant's Cross Motion For Summary Judgment and Reply To Defendant's Response To Plaintiff's Motion For Summary Judgment, filed October 15, 1996; and

6. Defendant's Supplemental Response To Plaintiff's Motion For Summary Judgment, filed October 21, 1996.

Due to the existence of a material fact question, the Court finds that the parties' dispositive motions should be denied.

Plaintiff, Choice Hotels International, Inc. ("Choice"), franchises hotel chains world wide. Among those hotels is the Clarion hotel line which is known under the "CLARION" and "SUN DESIGN" trademarks. Choice franchised a Clarion hotel at 2000 Beach Street, Fort Worth, Texas which bore its "CLARION" and "SUN DESIGN" trademarks. In March of 1994, Defendant, Westhill Hotels I Limited d/b/a Clarion Hotels and Inn Central (collectively "Westhill"), bought Choice's hotel on Beach Street and assumed its operation. Westhill's operation of this hotel included normal hotel services as well as maintenance and operation of a large sign ("Clarion Sign") outside the hotel which bore the "CLARION" and "SUN DESIGN" trademarks. The Clarion Sign is the subject of this lawsuit. Heath and Company or one of its affiliates (collectively, "Heath") owns the Clarion Sign and the land upon which it is located. The parties do not dispute that after Westhill purchased the hotel, Choice authorized and permitted Westhill to continue operations under the Clarion banner as a temporary arrangement pending negotiations for Westhill to enter into a formal franchise agreement with Choice. As such, Westhill paid Choice royalties for its continued use of the Clarion trademarks for a certain period of time after it bought the hotel.

On December 21, 1994, after Westhill decided to pursue a franchise agreement with Holiday Inn, Choice terminated its temporary franchise relationship with Westhill, including the license to use the "CLARION" trademark. Choice asked Westhill to stop using its trademarks. Choice maintains that Westhill continued to maintain and operate the Clarion Sign between from the time that the franchise relationship was terminated, December 1994, until August of 1995 and benefitted from Choice's marks.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 706876 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.)**

Westhill denies that it operated or held the hotel property out as a Clarion hotel after December of 1994, and denies that it used or benefitted from any servicemarks, trademarks, services, advertising, goodwill or other aspects of Choice's marks. Westhill also asserts that it did not "use" or "display" the Clarion sign in question because it had no right of control over the sign. Westhill asserts that after the franchise termination, it temporarily operated the hotel as "Inn Central" and now operates it as a Holiday Inn.

### 1. Summary Judgment Standard

**\*2** Both parties filed dispositive motions in this matter.[FN1] Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986); *Thomas v. Harris County,* 784 F.2d 648, 651 (5th Cir. 1986). All evidence and the inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *Marshall v. Victoria Transp. Co.,* 603 F.2d 1122, 1123 (5th Cir. 1979). The party defending against a motion for summary judgment cannot defeat the motion unless he provides specific facts that show the case presents a genuine issue of material fact, such that a jury might return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986).

> FN1. Choice argues that the Court should not consider Westhill's dispositive motion because it was untimely. Although Westhill did not file a motion for leave file its summary judgment motion late or to extend the deadline set forth in the Court's scheduling order, the Court will consider and address the merits of both parties' claims in their respective dispositive motions in this Order.

Once the moving party has made an initial showing,

the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent summary judgment. *Anderson,* 477 U.S. at 248-50; *Abbott v. Equity Group Inc.,* 2 F.3d 613, 619 (5th Cir. 1993). In other words, conclusory statements unsupported by evidentiary facts will not suffice to defeat a motion for summary judgment. *Falls Riverway Realty, Inc. v. Niagara Falls,* 754 F.2d 49 (2d. Cir. 1985). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to his case and on which he will bear the burden of proof at trial, summary judgment must be granted. *Celotex,* 477 U.S. at 322-23.

Further, the Court has no duty to search the record for triable issues. *Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 403 (6th Cir. 1992). The Court need only rely on the portions of submitted documents to which the nonmoving party directs the Court's attention. *Id.* at 403.

### 2. Plaintiff's Trademark Infringement Claims Under Statute and Common Law

Choice's dispositive motion alleges that Westhill engaged in unauthorized acts in maintaining a sign bearing the "CLARION" and "SUN DESIGN" trademarks which constitute (1) infringement of Choice's registered marks in violation of 15 U.S.C.A. § 1114 (section 32 of the Lanham Act); (2) false designation of origin in violation of 15 U.S.C.A. § 1125(a) (section 43(a) of the Lanham Act); and (3) unfair competition under Texas common law.

Specifically, Choice contends that Westhill has violated 15 U.S.C.A. § 1114. This section provides a cause of action for infringement of a registered mark where a person *uses:*
(1) any reproduction, counterfeit, copy or colorable imitation of a mark;
**\*3** (2) without the registrant's consent;

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 706876 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.)**

(3) in commerce;
(4) in connection with the sale, offering for sale, distribution or advertising of any goods;
(5) where such use is likely to cause confusion or to cause mistake or to deceive.

*Boston Pro Hockey Ass'n v. Dallas Cap and Emblem Mfg., Inc.,* 510 F.2d 1004 (5th Cir. 1975); *Service Merchandise Co. v. Service Jewelry Stores,* 737 F. Supp. 983, 997 (S.D. Tex. 1990).

Choice also contends that Westhill has violated 15 U.S.C.A. § 1125(a). This statute proscribes not only "use of a false designation of origin" but also use of "any false description or reproduction, including words or other symbols tending to falsely describe or represent goods or services" in commerce. A violation exists where the trademarks used by the plaintiff are so associated with its goods that the use of the same or similar marks by another company constitutes a representation that its goods come from the same source.*Boston Pro Hockey Ass'n,* 510 F.2d at 1010;*Chevron Chemical Co. v. Voluntary Purchasing Groups, Inc.,* 659 F.2d 695 (5th Cir. 1981), *cert. denied,*457 U.S. 1126 (1982); *Moore Business Forms, Inc. v. Seidenburg,* 619 F. Supp. 1173, 1184 (W.D. La. 1985).

Furthermore, Choice alleges that Westhill has committed unfair competition and trademark infringement under Texas common law. The cause of action of unfair competition is broader than the cause of action of statutory trademark infringement and arises when defendant passes off his goods or services as those of plaintiff by virtue of substantial similarity between the two, leading to confusion on the part of potential customers. *Volkswagenwerk Aktiengesellschaft v. Rickard,* 492 F.2d 474 (5th Cir. 1974).

For each of these three causes of action, the same facts that support summary judgment for one support summary judgment for all. *Boston Pro Hockey Ass'n,* 510 F.2d 1004. As such, the Court will discuss only the cause of action asserted under 15 U.S.C.A. § 1114. Given the record before the Court, the Court finds that a material question of

fact remains regarding whether Westhill *used* or *displayed* Choice's marks, as explained below.

### 3. Indirect Theories of Infringement

The issue of whether Westhill infringed on Choice's trade name and marks is a difficult one given the fact that Westhill does not own the physical instrument which Choice alleged Westhill used to infringe; thus, any imposition of liability would have to be indirect.[FN2]Liability for trademark infringement can extend beyond those who actually mislabel goods with the mark of another, *Inwood Laboratories v. Ives Laboratories, Inc.,* 456 U.S. 844, 854 (1982), under the theories of contributory infringement and vicarious infringement. *Grupke v. Linda Lori Sportswear, Inc.,* 921 F.Supp. 987, 988 (E.D. N.Y. 1996). One may be held vicariously liable for an infringing activity even if he is not the person actually carrying out the infringing activity if he has the right and ability to supervise the activity and also has a direct financial interest in it. *Gershwin Publishing Corp. v. Columbia Artists Mgmt., Inc.,* 443 F.2d 1159, 1161 2nd Cir. 1971).

> FN2. It is undisputed by the parties that Heath is the owner of the Clarion sign in issue. Heath has not been made a party to this suit.

**\*4** Liability for trademark infringement may also be extended beyond those who actually sell goods with the infringing mark, to include contributory infringers who knowingly cooperate in illegal and tortious activity. *McCarthy on Trademarks & Unfair Competition,* Section 25.02 (3rd Ed. 1994). Specifically, a party with knowledge of infringing activity may be liable as a contributory infringer if he (1) intentionally induces, causes or materially contributes to the infringing conduct of another, or (2) or continues to supply a product knowing that the recipient is using the product to engage in trademark infringement. *Inwood,* 854-55. Some courts have extended the category of contributory infringer to include "all those who knowingly play a significant role in accomplishing the unlawful purpose."*Stix Products, Inc. v. United Merchants &*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 706876 (N.D.Tex.)
(Cite as: Not Reported in F.Supp.)

*Manufacturers, Inc.,* 295 F.Supp. 479 (S.D.N.Y. 1966). A defendant may be held liable for acts which the defendant should have realized would create an opportunity for misuse of a trademark. *Reid, Murdock & Co. v. H.P. Coffee Co.,* 48 F.2d 817 (8th Cir. 1931), *cert. denied,* 284 U.S. 621.

### 4. Fact Issue of Whether Westhill Used or Displayed Clarion Sign

Choice seeks to impose liability on Westhill for misuse of its trade mark and name despite the fact that Heath or one of its affiliates owns the physical Clarion Sign. Choice does not dispute the fact that Westhill has no ownership rights in the Clarion Sign and argues that the question of ownership is irrelevant.

It is true that there is no express requirement in 15 U.S.C.A. § 1114 that Westhill "own" the physical instrument that Westhill allegedly used to infringe. Choice argues that "use of a trademark," is a question of law to be determined by this Court. To support its conclusion that the "use of a trademark" is a question of law, Plaintiff cites 15 U.S.C.A. § 1127 which provides, in part:
For the purposes of this Act, a mark shall be deemed to be in use in commerce ... (2) on services where it is used or displayed in the sale or advertising of services and the services are rendered in commerce ... and the person rendering the services is engaged in commerce in connection with the services.

15 U.S.C.A. § 1127(2). Choice argues that if a mark is "used or displayed in the sale or advertising of service," the mark is in use under the statute. In the present case, the Clarion Sign remained in front of the hotel operated by Westhill until it was covered in September of 1995. Choice maintains that Westhill used or displayed the Clarion Sign in the sale of hotel services, as defined by the statute. Apparently, Choice is espousing the position that all that is necessary to establish that Westhill used its marks is to show that the mark is used or displayed in the sale or advertising of services in a manner which identifies the services of one person

and distinguishes them from the services of others. McCarthy, *supra,* at Section 16.11.

**\*5** Westhill denies "using" the Clarion Sign and asserts it had no right of control over the sign. In an effort to show Westhill's control over the sign, Choice submits evidence of payments made by Westhill to Heath from February 1995 to July 1995. Westhill contends that it continued making payments in an attempt to negotiate a lease for using the Clarion Sign in the future and to fulfill a contractual obligation to a third-party stemming from the sale and purchase of adjacent and related property. Westhill further asserts that by making payments to Heath it did not obtain any right of control over the sign.

Westhill relies on *Mini Maid Services Co. v. Maid Brigade Systems, Inc.,* 967 F.2d 1516 (11th Cir. 1992), for the proposition that it should not be held liable for failing to prevent another entity's, Heath's, violation of the law. However, *Mini Maid,* citing *Inwood Laboratories,* discussed above, notes that a party can be liable for the infringing acts of another party under certain circumstances. *Mini Maid,* 967 F.2d at 1522. The issue in this case is whether Westhill excercised control over the sign in question, and if not, whether circumstances exist such that it should be liable for the infringing acts of Heath.

The case of *Mobil Oil Corp. v. Auto-Bright Car Wash, Inc.,* 615 F. Supp. 628 (D.Mass. 1984), cited by Choice, is inapposite to the facts before the Court. In *Mobil Oil,* the franchisee continued to operate his gas station adjacent to a huge Mobil Oil sign after the franchise agreement allowing him to use the Mobil Oil marks ended. The franchise agreement provided that the franchisee had the right to lease the equipment bearing the Mobil Oil marks during the franchise agreement and obligated the franchisee to return the equipment at the end of the franchise agreement. The agreement also provided that the franchisee could use Mobil Oil's equipment only in connection with the sale of Mobil Oil products. After the termination of the franchise agreement, the franchisee continued to use Mobil's

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 706876 (N.D.Tex.)
(Cite as: Not Reported in F.Supp.)

equipment to sell products other than Mobil's. Choice maintains that Westhill used the Clarion Sign in front of its hotel as it conducted its hotel business like the *Mobil Oil* franchisee used the Mobil Oil sign. Choice argues that Westhill should have covered the Clarion Sign after it had notice that its activity was infringing on Choice's marks and name. In contrast to *Mobil Oil,* Westhill did not own the Clarion Sign or the realty upon which it was located, and the evidence is in dispute as to whether Westhill had any right of control over the sign.

Thus, a fact question remains as to whether *Westhill* "used" or "displayed" the sign as required by statute. It is not known whether Westhill's conduct materially induced, caused or contributed to Heath's conduct. Further, it is not clear what control, if any, Westhill may have had over Heath or the nature of Heath and Westhill's business relationship. On the summary judgment record, this Court is unable make a determination as to Westhill's liability, if any, for infringement of Choice's marks. Accordingly, the parties' dispositive motions are denied.

N.D.Tex.,1996.
Choice Hotels, Intern., Inc. v. Westhill Hotels I Limited
Not Reported in F.Supp., 1996 WL 706876 (N.D.Tex.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.