

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 3813758 (E.D.Tex.), 35 Media L. Rep. 1435
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

C
Doe v. Bates
E.D.Tex.,2006.

United States District Court,E.D. Texas,Texarkana Division.
Johnny DOE, a minor son of John and Jane Doe, Plaintiff,
v.
Mark BATES and Yahoo! Inc., Defendants.
**No. 5:05-CV-91-DF-CMC.**

Dec. 27, 2006.

Adam Quentin Voyles, Heard Robins Cloud Lubel & Greenwood, Houston, TX, Geoffrey Patton Culbertson, Kelly B. Tidwell, Patton, Tidwell & Schroeder, LLP, Texarkana, TX, for Plaintiff.
John David Crisp, Crisp Boyd Poff, Texarkana, TX, Patrick J. Carome, Samir Jain, Wilmer Cutler Pickering Hale & Dorr, Washington, DC, for Defendants.

DAVID FOLSOM, United States District Judge.
*1 Before the Court are Plaintiffs' Objections to Report and Recommendation by Magistrate Judge Craven. Dkt. No. 57.In this Report and Recommendation, the Magistrate Judge recommends granting defendant Yahoo! Inc.'s Motion to Dismiss All Claims Against Yahoo! Dkt. Nos. 56 & 17, respectively. Also before the Court is Yahoo!'s response to the objections, as well as Plaintiffs' reply and Yahoo!'s sur-reply. Dkt. Nos. 60, 61 & 62.

On matters referred to the magistrate under 28 U.S.C. § 636(b), the district court makes a *de novo* determination of those parts of the magistrate's report, findings, or recommendations to which timely objection is made. 28 U.S.C. § 636(b)(1); *Garcia v. Boldin,* 691 F.2d 1172, 1179 (5th Cir.1982). The district court may accept, reject, or modify in whole or in part, the magistrate's findings or recommendation. *Garcia,* 691 F.2d at 1179. Upon a *de novo* review, and after reviewing all relevant pleadings, the Court finds that Yahoo!'s motion to dismiss (Dkt. No. 17) should be **GRANTED.**

An "e-group" is an internet-based forum where users can "engage in discussions; share photos and files; plan events; exchange ideas and information; and nurture interests and activities ."Amended Complaint, Dkt. No. 11 at ¶ 7. At the hearing before the Magistrate Judge, Yahoo! represented that it maintains nearly one million registered e-groups. Hr'g Tr. at 8 (Nov. 7, 2005). Plaintiffs allege that Yahoo! knowingly hosted illegal child pornography on the "Candyman" e-group. Dkt. No. 11 at ¶¶ 18-23.The individual defendant, Mark Bates, has been imprisoned for his involvement as moderator of the "Candyman" e-group. Dkt. Nos. 57 at 4 & 60 at 3. Plaintiffs bring claims against Yahoo! for violation of 18 U.S.C. § 2252A, negligence, negligence per se, intentional infliction of emotional distress, invasion of privacy, and civil conspiracy.

The Communications Decency Act ("CDA"), 47 U.S.C. § 230, provides as follows:
(a) Findings
The Congress finds the following:
(1) The rapidly developing array of Internet and other interactive computer services available to individual Americans represent an extraordinary advance in the availability of educational and informational resources to our citizens.
(2) These services offer users a great degree of control over the information that they receive, as well as the potential for even greater control in the future as technology develops.
(3) The Internet and other interactive computer services offer a forum for a true diversity of political discourse, unique opportunities for cultural development, and myriad avenues for intellectual activity.
(4) The Internet and other interactive computer services have flourished, to the benefit of all Americans, with a minimum of government regulation.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 2
Not Reported in F.Supp.2d, 2006 WL 3813758 (E.D.Tex.), 35 Media L. Rep. 1435
**(Cite as: Not Reported in F.Supp.2d)**

(5) Increasingly Americans are relying on interactive media for a variety of political, educational, cultural, and entertainment services.
*2 ...
(c) Protection for "good samaritan" blocking and screening of offensive material
(1) Treatment of publisher or speaker
No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.
(2) Civil liability
No provider or user of an interactive computer service shall be held liable on account of-
(A) any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected; or
(B) any action taken to enable or make available to information content providers or others the technical means to restrict access to material described in paragraph ( [A] ).
...
(e) Effect on other laws
(1) No effect on criminal law
Nothing in this section shall be construed to impair the enforcement of section 223 or 231 of this title, chapter 71 (relating to obscenity) or 110 (relating to sexual exploitation of children) of Title 18, or any other Federal criminal statute.
...
(f) Definitions
As used in this section:
...
(2) Interactive computer service
The term "interactive computer service" means any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions.
(3) Information content provider

The term "information content provider" means any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service.
....

The Magistrate Judge found Yahoo!'s motion procedurally proper and turned to the merits. Dkt. No. 56 at 7-10.The Magistrate Judge also found that § 230(c)(1) is not merely "definitional," as Plaintiffs argued, but rather is an immunity provision. *Id.* at 15-17.Next, the Magistrate Judge found that Yahoo! met the elements of § 230(c)(1) immunity: (1) Yahoo! is a provider of an "interactive computer service;" (2) the pornographic photographs at issue are "information provided by another information content provider;" and (3) Plaintiffs' claims treat Yahoo! as the "publisher or speaker" of the third party content. *Id.* at 18-27.Finally, the Magistrate Judge found that Plaintiffs' federal claim pursuant to 18 U.S.C. § 2252A did not fit within any exception to § 230. *Id.* at 29-31.

Plaintiffs first object that Magistrate Judge Craven improperly used defamation case law to immunize Yahoo! from violations of federal child pornography laws. Dkt. No. 57 at 6-9.Plaintiffs also argue that the civil remedy at issue (available under 18 U.S.C. § 2255) is exempt from immunity because it relates to 18 U.S.C § 2252A, which is a criminal statute. *Id.* at 13-17.Yahoo! responds that "enforcement" in the context of criminal laws refers to government prosecutions. Dkt. No. 60 at 16-20.

*3 Plaintiffs also argue that Yahoo! should be liable because it knowingly profited from the trafficking of illegal child pornography. Dkt. No. 57 at 10-11.Plaintiffs argue that *Zeran v. AOL, Inc.,* 129 F.3d 327 (4th Cir.1997), and other cases applying § 230, did not involve intentional conduct. *Id.* at 11-13.Plaintiffs allege that Yahoo! knowingly received and displayed the pornographic photographs at issue. Dkt. No. 11 at ¶¶

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                               Page 3
Not Reported in F.Supp.2d, 2006 WL 3813758 (E.D.Tex.), 35 Media L. Rep. 1435
**(Cite as: Not Reported in F.Supp.2d)**

18-23.Yahoo! responds that knowledge is irrelevant to § 230 immunity. Dkt. No. 60 at 13-14.Plaintiffs reply that "there is no case that has granted a service provider civil immunity for knowingly possessing child pornography."Dkt. No. 61 at 6. In sur-reply, Yahoo! also relies on *Zeran,* where the Fourth Circuit applied § 230 immunity even where Plaintiff alleged giving the internet service provider actual knowledge of the tortious content at issue.Dkt. No. 62 at 4.

Yahoo! also argued at the hearing before the Magistrate Judge that e-groups are "exactly the type of innovative platform for third party communications that Congress wanted to foster and encourage development [of]." Hr'g Tr. at 57.

Section 230(e)(1) provides, in relevant part: "Nothing in this section shall be construed to impair the enforcement of ... chapter ... 110 (relating to sexual exploitation of children) of Title 18, or any other Federal criminal statute."Plaintiffs allege violation of 18 U.S.C. § 2252A, which is under chapter 110 of Title 18 and therefore covered by the § 230(e)(1) exemption. While the ability of the government to prosecute internet service providers for alleged violations of 18 U.S.C. § 2252 is not disputed, the parties agree that the applicability of § 230(e)(1) to a private civil suit based on alleged criminal acts is an issue of first impression.

The Court finds that immunity from all private civil liability comports with the clear Congressional policies to avoid disincentives to innovation and to encourage self-regulation. Congress made these policies explicit in the language of the statute:
(b) Policy
It is the policy of the United States-
(1) to promote the continued development of the Internet and other interactive computer services and other interactive media;
(2) to preserve the vibrant and competitive free market that presently exists for the Internet and other interactive computer services, unfettered by Federal or State regulation;

(3) to encourage the development of technologies which maximize user control over what information is received by individuals, families, and schools who use the Internet and other interactive computer services;
(4) to remove disincentives for the development and utilization of blocking and filtering technologies that empower parents to restrict their children's access to objectionable or inappropriate online material; and
(5) to ensure vigorous enforcement of Federal criminal laws to deter and punish trafficking in obscenity, stalking, and harassment by means of computer.

*\*4* Section 230 does not, as Plaintiffs propose, provide that an intentional violation of criminal law should be an exception to the immunity from civil liability given to internet service providers. Such a finding would effectively abrogate the immunity where a plaintiff simply alleged intentional conduct. Instead, "lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions-such as deciding whether to publish, withdraw, postpone or alter content-are barred."*Zeran,* 129 F.3d at 330.

Plaintiffs make much of the allegation that Yahoo! profited from advertising on the "Candyman" e-group. However, Plaintiffs have not shown that Congress intended the question of immunity to turn on how the internet service provider earns its revenue, whether by subscription fees or by advertising. Yahoo!'s e-groups provide services substantially similar to those at issue in *Zeran. Id.* at 329.The threat of litigation in this context would have an "obvious chilling effect." *Id.* at 331.Internet service providers like Yahoo! have millions of users, and "[t]he amount of information communicated via interactive computer services is therefore staggering."*Id.* In light of the restriction of services that might result from a "specter of ... liability," Congress "chose to immunize service providers to avoid any such restrictive effect."*Id.* While Zeran considered § 230 in the context of defamation, these principles are equally applicable in the context of illegal pornography.*Doe v. AOL,*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                   Page 4
Not Reported in F.Supp.2d, 2006 WL 3813758 (E.D.Tex.), 35 Media L. Rep. 1435
**(Cite as: Not Reported in F.Supp.2d)**

*Inc.*, 783 So.2d 1010, 1017 (Fl.2001).

The *Zeran* court also noted the Congressional purpose of removing disincentives to self-regulation by internet service providers. If internet service providers such as Yahoo! could be liable for reviewing materials but ultimately deciding to allow them, they would likely chose not to regulate at all. *Id.* Further, even simply responding to notices of potentially obscene materials would not be feasible because "the sheer number of postings on interactive computer services would create an impossible burden in the Internet context."*Id.* at 333.To the extent an internet service provider actually makes choices about its content, without immunity they "would be faced with ceaseless choices of suppressing controversial speech or sustaining prohibitive liability ."*Id.* While the facts of a child pornography case such as this one may be highly offensive, Congress has decided that the parties to be punished and deterred are not the internet service providers but rather are those who created and posted the illegal material, such as defendant Mark Bates, the moderator of the "Candyman" e-group.

The legislative history further buttresses the Congressional policy against civil liability for internet service providers. One key proponent of an amendment containing the language of § 230 at issue explained that "the existing legal system provides a massive disincentive for the people who might best help us control the Internet to do so."141 Cong. Rec. H8469. Several legislators identified "obscenity" in particular as material that could be more freely regulated as a result of the immunity provided by the statute. Another proponent noted that "[t]here is no way that any of [the internet service providers], like Prodigy, can take the responsibility to edit out information that is going to be coming in to them from all manner of sources onto their bulletin board.... We are talking about ... thousands of pages of information every day, and to have that imposition imposed on them is wrong."*Id.* at H8471.The House approved the amendment by a vote of 410 to 4. *Id.* at H8478.

*5 The Magistrate Judge correctly found that "Congress decided not to allow private litigants to bring civil claims based on their own beliefs that a service provider's actions violated the criminal laws ."Dkt. No. 56 at 31.

For all of these reasons, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, Yahoo!'s Motion to Dismiss (Dkt. No. 17) is hereby **GRANTED.**

This cause of action is therefore **DISMISSED WITH PREJUDICE.**

JOHN AND JANE DOE, as Next Friend of JOHNNY DOE, a Minor

V.

MARK BATES and YAHOO!, INC.
CAROLINE M. CRAVEN, United States Magistrate Judge.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges, Defendant Yahoo! Inc.'s Motion to Dismiss All Claims Against Yahoo! (Docket Entry # 17) was referred to the Honorable Caroline M. Craven for the purpose of preparing a report and recommendation. The Court, having reviewed the relevant briefing and hearing arguments of counsel,[FN1] recommends the motion be **GRANTED.**The Court further recommends Plaintiffs' above-entitled and numbered cause of action be **DISMISSED WITH PREJUDICE.**

> FN1. The Court conducted a hearing on Defendant's motion on November 7, 2005.

John and Jane Doe, as Next Friend of Johnny Doe, a Minor ("Plaintiffs") filed this lawsuit against

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.