Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2006 WL 3813758 (E.D.Tex.), 35 Media L. Rep. 1435  
(Cite as: Not Reported in F.Supp.2d)

Page 5

Mark Bates, proceeding *pro se,* and Yahoo!, Inc. ("Defendant"). Plaintiffs allege violations of 18 U.S.C. § 2252A, negligence, negligence per se, intentional infliction of emotional distress, invasion of privacy, and civil conspiracy. The First Amended Complaint ("FAC") alleges as follows:

Defendant is a global internet communications, commerce, media, and web content provider/ operator, providing online services to millions of worldwide users daily. FAC at 2, ¶ 6. One of the services offered by Defendant is known as E-groups, a web-based forum for like-minded computer users to connect via a topic-based web page. *Id.* at 3, ¶ 7. E-groups are topic-specific, which allow, encourage, and facilitate E-group members to engage in discussions, share photographs and files, plan events, exchange ideas and information, and nurture interests and activities. *Id.* E-groups have moderators, and the E-group web sites are hosted and operated by Defendant on its computers. *Id.* at 3, ¶ 9.

One of Defendant's E-groups was called Candyman. *Id.* Candyman, like Defendant's other E-groups, was hosted and operated by Defendant on its computers. *Id.* Defendant Bates was the Candyman web site moderator. *Id.* The purpose of the Candyman E-group was to provide a forum for sharing, posting, emailing, and transmitting hard-core, illegal child pornography. *Id.*

*6 Defendant knew about Candyman because Defendant Bates had to obtain Defendant's consent and authorization to moderate the group. *Id.* at 3, ¶ 11.Moreover, Defendant knew or had reason to know about the illegal nature of Candyman's content because (1) the site was in an adult entertainment subcategory, (2) its introductory web page expressly stated that the group was for people who "love kids," and (3) any type of message, picture, or video could be posted on the site. *Id.* at 3, ¶ 10.

Soon after Candyman was established, it attracted thousands of members who, via Defendant's servers, posted, stored, viewed, and exchanged thousands of illegal, hard-core child pornographic photographs and video clips of illegal sex acts with children. *Id* . at 4, ¶ 11.Candyman members participated in live chat discussions and were even polled by Bates as to (1) whether they preferred hard-core child pornography or so-called "soft-pics," and (2) the preferred age of the children featured on the site. *Id.* at 4, ¶¶ 11-12.It is undisputed that Candyman's content included illegal child pornography.

Defendant Bates and others were arrested and prosecuted as a result of a nationwide child pornography sting operation in 2000 and 2001. Bates pled guilty to violating 18 U.S.C. § 2252A, which makes interstate distribution of child pornography a federal felony. Bates is currently serving a thirty year sentence in a federal prison in California. *See* Defendant's mot. at 3.

Despite knowledge of the E-group's content, Defendant did nothing to prevent, remove, or block the illegal child pornographic material from being stored on its web site or its servers, or to remove it once it was stored there. FAC at 5, ¶ 16. Defendant generated substantial advertising revenue from the site's high traffic volume. *Id.* Until Defendant shut down the E-group on February 6, 2001, *see* Defendant's mot. at 5, Defendant profited by hosting Candyman's illegal child pornography. FAC at 5, ¶ 16.

Among the pornographic images uploaded onto Candyman were sexually explicit photographs of the Does' minor son, Johnny Doe. The photographs were illegal child pornography and were taken by a neighbor of the Does who was a member of the Candyman E-group. FAC at 4, ¶ 15. According to Defendant's motion, the neighbor was also caught in the government's "Operation Candyman" sting operation, pled guilty to violating 18 U.S.C. § 2252A, and is currently serving a twelve year sentence in federal prison. *See* Defendant's mot. at 4.

After the photographs were uploaded by the neighbor, Defendant stored them on its computers,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 3813758 (E.D.Tex.), 35 Media L. Rep. 1435
**(Cite as: Not Reported in F.Supp.2d)**

Page 6

knowingly permitted and allowed them to be available for accessing by Candyman members and others, and distributed them to pedophiles all over the world who subscribed to Defendant's service and opted to take advantage of Defendant's automatic email service. FAC at 4-5, ¶ 15. Defendant not only created, hosted, and maintained the portal through which thousands of pedophiles prospered and hundreds of children, including Johnny Doe, were victimized, but Defendant also profited from its actions. *Id.* at 5, ¶ 16.

### A. Defendant's arguments, generally

*7 Defendant moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), for dismissal with prejudice all claims asserted against it in Plaintiffs' FAC. According to Defendant, the Communications Decency Act, 47 U.S.C. § 230 ("Section 230"), immunizes interactive service providers such as Defendant from this type of litigation. Defendant refers to numerous cases, asserting courts around the country have held that "Section 230 broadly prohibits the imposition of civil liability on interactive service providers for harms caused by the dissemination of content created and developed by third parties."[FN2] Defendant asserts Section 230 immunity from liability applies with full force here because Plaintiffs have not, and could not, allege that Defendant participated in the creation or development of the allegedly unlawful photographs of Johnny Doe.

FN2. Defendant's mot. at 2.

### B. Plaintiffs' response, generally

In response, Plaintiffs first assert the motion should be denied as procedurally improper and premature. In this regard, Plaintiffs contend Defendant's claim is an affirmative defense to Plaintiffs' allegations, and affirmative defenses may not be used to dismiss a plaintiff's complaint under Rule 12(b)(6). Plaintiffs request Defendant's immunity from civil liability be determined only after discovery is completed and after Plaintiffs have had an opportunity to further amend the FAC.

In addition, Plaintiffs' Opposition makes three basic arguments against application of Section 230. First, Plaintiffs assert Section 230(c)(1) does not apply because it is not an immunity provision, but instead is merely "definitional" in nature. Second, Plaintiffs claim the elements of Section 230(c)(1) immunity are not met here because Defendant may have had some input into the Candyman group, and one or more of their claims do not treat Defendant as the "publisher or speaker" of the harmful content. Third, even if Section 230 applies, Plaintiffs argue that their federal claim falls within Section 230's exception for "enforcement" of a "federal criminal statute."

FED.R.CIV.P. 12(b)(6) authorizes a dismissal of a complaint for "failure to state a claim upon which relief can be granted." A 12(b)(6) motion should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Before dismissal is granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. *Capital Parks, Inc. v. Southeastern Advertising and Sales Sys., Inc.,* 30 F.3d 627, 629 (5th Cir.1994). A court need not, however, accept as true allegations that are conclusory in nature. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982).

### A. Plaintiffs' arguments

*8 As an initial matter, Plaintiffs assert Defendant's motion is procedurally improper and premature. Specifically, Plaintiffs rely on *Doe v. GTE Corp.,* 347 F.3d 655, 657 (7th Cir.2003) and *Novak v. Overture Services, Inc.,* 309 F.Supp.2d 446,452 (E.D.N.Y .2004), wherein the courts stated

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                         Page 7
Not Reported in F.Supp.2d, 2006 WL 3813758 (E.D.Tex.), 35 Media L. Rep. 1435
**(Cite as: Not Reported in F.Supp.2d)**

affirmative defenses generally do not justify dismissal under Federal Rule of Civil Procedure 12(b)(6). In both cases, the plaintiffs did not oppose resolution of the defendants' Section 230 immunity defenses on motions to dismiss under Rule 12(b)(6). Because the plaintiffs (1) did not insist upon the proper procedure, raising the defense in a Rule 12(c) motion to dismiss as opposed to a Rule 12(b)(6) motion to dismiss, (2) did not seek better notice of the defense, and (3) did not seek discovery, both courts declined to "fuss[ ] over procedural niceties to which the parties are indifferent."*Doe v. GTE Corp.,* 347 F.3d at 657;*Novak,* 309 F.Supp.2d at 452. The courts then considered the merits of the defendants' Section 230 immunity defense arguments.

Here, Plaintiffs insist they are not indifferent to the proper procedure and do not consent to resolution of Defendant's Section 230 immunity defense on a motion to dismiss under Rule 12(b)(6). Plaintiffs also request that the immunity issue be determined only after discovery is completed and they have had an opportunity to further amend the FAC. Plaintiffs agree with Defendant that the FAC does not allege that Defendant had a specific role in the "creation and development" of Candyman's child pornography. However, Plaintiffs state this is so because they do not know exactly what Defendant did, or did not do, with respect to the site. Plaintiffs contend they have alleged that Defendant placed advertising on the site, and there is reason to believe that Defendant may have done something more.

**B. Defendant's response**

On the other hand, Defendant asserts its Section 230 immunity defense relies entirely on the allegations on the face of the FAC, and therefore the defense is properly asserted in a Rule 12(b)(6) motion to dismiss. Defendant maintains Plaintiffs ignore the Fifth Circuit precedent and point to a few cases from other jurisdictions in which courts suggested, in dicta, that an affirmative defense could not be brought on a Rule 12(b)(6) motion to dismiss. Defendant asserts it is clear that in the Fifth Circuit (as elsewhere) dismissal is appropriate "if [the] affirmative defense ... appears on the face of the complaint."*Garrett v. Commonwealth Mortgage Corp. of Am.,* 938 F.2d 591, 594 (5th Cir.1991); *see also Neel v. Rehberg,* 577 F.2d 262, 264 (5th Cir.1978) ("[A]n affirmative defense ... may be raised by a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).").

Moreover, according to Defendant, Plaintiffs overlook the fact that courts routinely have granted motions to dismiss based on Section 230 immunity in situations such as this-where the defendant's entitlement to immunity was apparent on the face of the complaint. Defendant argues that permitting it to assert Section 230 immunity only after discovery is completed would defeat one of the fundamental purposes of the immunity, namely to insulate service providers not only from liability, but also from the burdens of litigation, including those associated with discovery. Defendant points to the language of the statute which specifically states both that "no liability may be imposed" and that "[n]o cause of action may be brought" based on state law that is inconsistent with Section 230. 47 U.S.C. § 230(e)(3)(emphasis added). In sum, Defendant contends Section 230 immunity clearly may be asserted on a Rule 12(b)(6) motion to dismiss where its elements are apparent from the face of the complaint.

**C. Discussion**

*9 Plaintiffs present the Court with cases indicating a Rule 12(b)(6) motion to dismiss is a procedurally improper method for determining the applicability of an affirmative defense provided by Section 230. Not only are the cases from other jurisdictions, but the *Doe* decision, relied upon by the court in *Novak,* also indicates the Court may recast its decision as a judgment on the pleadings under Rule 12(c).*Doe v. GTE Corp.,* 347 F.3d at 657.

In addition, Fifth Circuit cases indicate a Rule 12(b)(6) motion, properly raised before the service of a responsive pleading (as was done in this case),

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 3813758 (E.D.Tex.), 35 Media L. Rep. 1435
(Cite as: Not Reported in F.Supp.2d)

Page 8

may be used to raise an affirmative defense. *See Puckett v. United States,* 82 F.Supp.2d 660 (S.D.Tex.1999). In *Puckett,* the defendant files its Rule 12(b)(6) motion after filing its answer to the plaintiffs' complaint. *Id.* at 663. The *Puckett* court initially noted that (1) courts do not mechanically deny any motion made after a responsive pleading as untimely; (2) if the defendant has previously included in the answer the defense raised in the Rule 12(b)(6) motion, thereby giving notice, then courts generally allow Rule 12(b)(6) motions filed after the answer; and (3) the courts consider Rule 12(b)(6) motions to dismiss filed after a responsive pleading, not as a Rule 12(b)(6) motion, but as a Rule 12(c) motion for judgment on the pleadings. *Id.*

Because the defendant had previously raised *res judicata* as an affirmative defense in its answer to the plaintiffs' original complaint, the *Puckett* court treated the defendant's Rule 12(b)(6) motion as a Rule 12(c) motion for judgment on the pleadings. *Id.* The court then noted that the standard applicable to a Rule 12(c) motion is the same as that applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Id. See also Johnson v. Johnson,* 385 F.3d 503, 529 (5th Cir.2004).

Another district court in the Fifth Circuit has considered the same affirmative defense asserted in this case-that all of the plaintiff's claims are barred by Section 230 immunity. *See MCW, Inc. v. Badbusinessbureau.com LLC,* 2004 WL 833595, *2 (N.D.Tex.2004)(unpub.). The defendants in *MCW* raised the Section 230 immunity defense in the context of a Rule 12(b)(6) motion. *Id.* The court stated that the Communications Decency Act ("CDA"), "if applicable, is an appropriate ground for dismissal of the complaint under Rule 12(b)(6) because the Act would preclude [the plaintiff] from establishing a set of facts that would entitle it to relief." *Id.* at * 7, *citing Schneider v. Amazon.com, Inc.,* 108 Wash.App. 454, 31 P.3d 37 (Wash.Ct.App.2001)(affirming the trial court's decision to dismiss a cause of action, pursuant to a Rule 12(b)(6) motion, where immunity was extended to Amazon.com through the CDA).

Here, Defendant raised the Section 230 immunity defense in a Rule 12(b)(6) motion, which was filed properly, prior to the service of a responsive pleading. The Court in its research located only one case within the Fifth Circuit having addressed the Section 230 immunity defense, and it specifically endorsed the use of a Rule 12(b)(6) motion to raise the defense. *MCW, Inc. v. Badbusinessbureau. com LLC,* 2004 WL 833595 (N.D.Tex.2004)(unpub.). The case is unpublished, but the Court still finds the decision persuasive in this context. Moreover, even if the Court were to determine Defendant had not utilized the proper motion, the Court could properly treat it as a Rule 12(c) motion for judgment on the pleadings. For these reasons, the Court finds Defendant's motion is procedurally proper.

*\*10* Turning to the issue of whether Defendant's motion is premature, Plaintiffs indicate they want more discovery before the Court rules on the Section 230 immunity defense. As discussed in detail in Section VII(D)(2) below, based on Plaintiffs' current allegations and the applicable case law, no amount of discovery would establish a set of facts that would entitle Plaintiffs to relief. Additionally, Plaintiffs filed this cause of action in early May of 2005 and were able to conduct discovery until the Court's October 19, 2005 Order staying discovery pending the ruling on Defendant's current motion. Plaintiffs have also had the opportunity to file an amended complaint in this case.

Moreover, Defendant properly raised the immunity defense in its motion to dismiss filed July 22, 2005. Not only has the immunity issue been fully briefed by the parties, but the Court has also conducted a hearing on Defendant's motion. The motion is ripe for consideration, and the Court agrees with Defendant that further delay in ruling on its motion will defeat one of the fundamental purposes of the immunity, namely to insulate service providers not only from liability, but also from the burdens of litigation, including those associated with discovery. In sum, the Court finds Defendant's motion is not premature.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.