Not Reported in F.Supp.2d                    Page 5
Not Reported in F.Supp.2d, 2006 WL 737064 (D.Minn.), 80 U.S.P.Q.2d 1039
**(Cite as: Not Reported in F.Supp.2d)**

*21 Real Estate Corp. v. Lendingtree, Inc.,* 425 F.3d 211, 220 (3rd Cir.2005). The Third Circuit identified four factors as most relevant when a nominative fair use defense is raised: 1) the price of the goods and other factors indicative of the care and attention expected of consumers when making a purchase; 2) the length of time the defendant has used the mark without evidence of actual confusion; 3) the intent of the defendant in adopting the mark; and 4) the evidence of actual confusion. *Id.* at 225-226.The Ninth Circuit, on the other hand, holds that the traditional test does not apply at all when the defendant asserts nominative fair use. *New Kids on the Block v. News Am. Pub., Inc.,* 971 F.2d 302, 308 (9th Cir.1992).

**\*5** The Court considers all six of the traditional factors for assessing likelihood of confusion. Because the Court finds that a genuine issue of material fact exists, the Court need not decide which precise array of factors is most relevant here.

### 1. Strength of the Mark

To determine the strength of plaintiff's mark, the Court must classify it as either arbitrary or fanciful, suggestive, descriptive, or generic. *Duluth News-Tribune,* 84 F.3d at 1096. The parties agree that plaintiff's mark should be classified as "descriptive." It is therefore relatively weak, which decreases the likelihood of confusion.

### 2. Similarity

It is undisputed that defendant uses a mark identical to plaintiff's by purchasing Edina Realty as a search term, placing it in the text of its sponsored link, and placing it in hidden text and links. Defendant also purchases similar variations, such as EdinaRealty.com. The Court finds that defendant's use of the identical mark increases the likelihood of confusion. This factor does not deserve much weight, however, given defendant's reliance on the nominative fair use defense. *See Century 21 Real Estate Corp.,* 425 F.3d at 225.

### 3. Degree of Competition

It is undisputed that plaintiff and defendant offer real estate brokerage services, serve the Twin Cities metropolitan area, and engage in competitive use of the Internet. The Court finds that the degree of competition increases the likelihood of confusion.

### 4. Intent to "Pass Off"

Defendant argues that it uses plaintiff's mark to advertise the fact that it legitimately has Edina Realty listings on its website, and that it has no intent to confuse consumers about the sponsorship of its website. For support, defendant points to evidence that it has directed confused consumers back to plaintiff.

As evidence of intent to "pass off," plaintiff points to defendant's persistence in using the mark despite being warned of potential confusion. *See Century 21 Real Estate Corp.,* 425 F.3d at 227. Specifically, when Google made defendant modify the text of its sponsored link to reduce confusion, defendant proposed switching to Edina Reality, then Edina MN Realty, then simply Edina.

The Court finds a dispute of fact as to whether defendant has the intent to confuse consumers.

### 5. Actual Confusion

Although courts must consider the relevant factors when determining likelihood of confusion, evidence of actual confusion is "positive proof" of such likelihood. *SquirtCo v. Seven-Up Co.,* 628 F.2d 1086, 1091 (8th Cir.1980). Evidence of actual confusion is especially probative when the defendant asserts a nominative fair use defense. *See Century 21 Real Estate Corp,* 425 F.3d at 226.

The parties dispute whether a handful of emails and phone calls identified by plaintiff are evidence of actual confusion. In one email, for example, the consumer asks defendant if an offer on a home should be made "through you or the main (Edina Realty) office."Defendant argues that these phone calls and emails are not evidence of actual confusion. As to consumers that asked defendant about Edina Realty properties, defendant asserts

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                          Page 6
Not Reported in F.Supp.2d, 2006 WL 737064 (D.Minn.), 80 U.S.P.Q.2d 1039
(Cite as: Not Reported in F.Supp.2d)

that these consumers could have thought that defendant had this information because TheMLSOnline.com includes Edina Realty properties. As to consumers that call defendant and ask for plaintiff, defendant asserts that the consumers were inattentive when recording phone numbers or may have simply misdialed.

**\*6** Defendant further argues that there is no way to determine the source of any evidence of actual confusion that plaintiff may identify. Defendant emphasizes that plaintiff never conducted a survey to show that consumers believe they will enter plaintiff's website when they click on defendant's sponsored link.

It is unclear whether the phone calls and emails identified by plaintiff are evidence of actual consumer confusion caused by defendant's use of plaintiff's mark. A survey that could demonstrate actual confusion is unnecessary, however, because plaintiff need only show a likelihood of confusion. The Court determines that the phone calls and emails are sufficient to raise a genuine issue of material fact for the purposes of summary judgment.

### 6. Degree of Purchaser Care

Both parties agree that the degree of purchaser care is an important factor in assessing likelihood of confusion, but the parties dispute whether there is a high or low degree of purchaser care involved here. Defendant argues that consumers exercise a high level of care when picking a real estate brokerage firm because real estate is a long-term expensive investment, but argues that consumers do not use the Internet to find a brokerage firm. Plaintiff argues that consumers do use the Internet to find a brokerage firm, and because of the effortless nature of surfing the web, there is a low level of purchaser care involved. For support, plaintiff points to a study concluding that 62 percent of consumers do not understand the difference between sponsored links and natural search results. The Court finds a dispute of fact as to the degree of purchaser care.

Having considered all the relevant factors, the

Court concludes that resolution of the factual disputes identified here could cause a reasonable jury to return a verdict for either party. Accordingly, the Court denies plaintiff's motion for partial summary judgment on its trademark infringement claims.

### C. Nominative Fair Use

Defendant argues that it is entitled to summary judgment on plaintiff's trademark infringement claims because its use of the Edina Realty mark is a nominative fair use.[FN5] Specifically, defendant uses the Edina Realty mark to advertise the fact that defendant legitimately includes Edina Realty listings on its website. Where a defendant uses a mark to describe a plaintiff's product, rather than its own, defendant is entitled to a nominative fair use defense provided the following three requirements are met: "(1) that the use of plaintiff's mark is necessary to describe both the plaintiff's product or service and the defendant's product or service; (2) that the defendant uses only so much of the plaintiff's mark as is necessary to describe plaintiff's product; and (3) that the defendant's conduct or language reflect the true and accurate relationship between plaintiff and defendant's products or services." *Century 21 Real Estate Corp. v. Lendingtree, Inc.,* 425 F.3d 211, 222 (3rd Cir.2005). Fair use can occur along with some degree of confusion. *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.,* 543 U.S. 111 (2004).

> FN5. The Eighth Circuit has not considered the doctrine of nominative fair use, but doctrine is well developed in the Ninth Circuit. *See, e.g., Playboy Enters. v. Welles,* 279 F.3d 796, 800 (9th Cir.2002); *see also Century 21 Real Estate Corp. v. Lendingtree, Inc.,* 425 F.3d 211, 225 (3rd Cir.2005).

**\*7** The Court holds that defendant's use of the Edina Realty mark does not constitute nominative fair use as a matter of law. Defendant uses the mark as an Internet search term, in its Sponsored Link advertisements, and in hidden text and hidden links

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                        Page 7
Not Reported in F.Supp.2d, 2006 WL 737064 (D.Minn.), 80 U.S.P.Q.2d 1039
(Cite as: Not Reported in F.Supp.2d)

on its website. None of these uses requires the Edina Realty mark. In its advertisements and hidden links and hidden text, defendant could easily describe the contents of its website by stating that it includes all real estate listings in the Twin Cities. Similarly, defendant could rely on other search terms, such as Twin Cities real estate, to generate its advertisement. In addition, defendant's use of the Edina Realty mark in its advertisement does not reflect the true relationship between plaintiff and defendant. Defendant's advertisement that has appeared on Yahoo, for example, places the Edina Realty mark in the headline, which is underlined and in bold font. The name of defendant's company is listed in much smaller font at the bottom of the ad. Defendant could have done more to prevent an improper inference regarding the relationship. *See Century 21 Real Estate Corp.,* 425 F.3d at 231.

Because the defense of nominative use fails here, the Court denies defendant's motion for summary judgment as to plaintiff's trademark infringement claims.

### III. Trademark Dilution

The Federal Trademark Dilution Act provides protection and remedies for the "dilution of famous marks." 15 U.S.C. § 1125. Under the Act, an owner of a famous mark "shall be entitled ... to an injunction against another person's commercial use in commerce of a mark or trade name, if such use begins after the mark has become famous and causes dilution of the distinctive quality of the mark...."*Id.* § 1125(c)(1).

Plaintiff argues that defendant dilutes its mark through "blurring." To establish a claim for trademark dilution by blurring, plaintiff must show that its mark is famous, that defendant began using a similar or identical mark after plaintiff's mark became famous, and that defendant's mark dilutes the distinctive quality of plaintiff's mark by causing consumers to connect plaintiff's mark with different products or services. *Luigino's, Inc. v. Stouffer Corp.,* 170 F.3d 827, 832 (8th Cir.1999). Plaintiff must prove actual dilution but need not use direct

evidence. *Moseley v. v. Secret Catalogue,* 537 U.S. 418, 434 (2003).

Ample undisputed facts provide evidence that the Edina Realty mark is famous. Plaintiff has used the mark in association with its real estate brokerage services for over 50 years. During that time period, Edina Realty has become the largest real estate company in the Midwest, and the third largest independent real estate company in the nation.

Plaintiff has not, however, provided evidence of actual dilution. Plaintiff primarily relies upon a handful of phone calls and emails from consumers, which may indicate a likelihood of confusion. Even assuming that this is evidence of actual confusion caused by defendant's use of plaintiff's mark, it does not prove actual dilution. Plaintiff has presented no evidence that the ability of the Edina Realty mark to serve as a unique identifier of plaintiff's services has been weakened.

**\*8** Accordingly, the Court grants defendant's motion on the trademark dilution claims (Count III and Count V). The Court denies plaintiff's motion for partial summary judgment on the trademark dilution claims.

This case will be placed on the Court's next available trial calendar.

### ORDER

Based on the foregoing, all the records, files, and proceedings herein, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Exclude Expert Report and Testimony of Akshay Rao [Docket No. 47] is DENIED.

2. Defendant's Motion for Summary Judgment [Docket No. 34] is DENIED as to the trademark infringement claims and GRANTED as to the trademark dilution claims, as set forth in Part II and Part III of this Opinion.

3. Plaintiff's Motion for Partial Summary Judgment [Docket No. 36] is DENIED.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                          Page 8
Not Reported in F.Supp.2d, 2006 WL 737064 (D.Minn.), 80 U.S.P.Q.2d 1039
**(Cite as: Not Reported in F.Supp.2d)**


D.Minn.,2006.
Edina Realty, Inc. v. TheMLSonline.com
Not Reported in F.Supp.2d, 2006 WL 737064
(D.Minn.), 80 U.S.P.Q.2d 1039

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.