6

Dockets.Justia.com

▷
MCW, Inc. v. Badbusinessbureau.com, L.L.C.
N.D.Tex.,2004.

United States District Court,N.D. Texas, Dallas Division.
MCW, INC. d/b/a Bernard Haldane Associates, Plaintiff,
v.
BADBUSINESSBUREAU.COM, L.L.C. d/b/a www.Ripoffreport.Com, et al., Defendants.
**No. Civ.A.3:02-CV-2727-G.**

April 19, 2004.

Thomas B. Walsh, IV, Victor C. Johnson, Matthew E. Yarbrough, Fish & Richardson, Dallas, TX, for Plaintiff.
J. Garth Fennegan, Settle & Pou, Dallas, TX, Maria Crimi Speth, Grant Williams, Phoenix, AZ, for Defendants.

FISH, Chief J.
***1** Before the court are the following motions: (1) the motion of the defendants Edward Magedson ("Magedson"), a/k/a Ed Magidson, and badbusinessbureau.com, LLC ("BBB"), d/b/a www.ripoffreport.com and www.badbusinessbureau.com (collectively, "defendants"), to dismiss for lack of personal jurisdiction and for failure to state a claim, and (2) the alternative motion of the plaintiff MCW, Inc. ("MCW"), d/b/a Bernard Haldane Associates, for leave to conduct expedited discovery. For the reasons discussed below, the defendants' motion to dismiss for lack of personal jurisdiction is denied, and MCW's alternative motion is denied as moot. The defendants' motion to dismiss for failure to state a claim is granted in part and denied in part; however, the court declines to exercise supplemental jurisdiction over the state law claim as to which the motion to dismiss is denied and thus dismisses this claim without prejudice.

I.

The plaintiff MCW, a franchisee of DRB, Ltd., is a Texas corporation with its principal offices located in Dallas, Texas. Plaintiff's First Amended Complaint for Damages and Injunctive Relief ("Complaint") ¶¶ 4, 14. Under the Bernard Haldane name and mark,[FN1] MCW assists individuals seeking individual job and career counseling. *Id.* ¶¶ 13, 15.Through counseling, MCW provides clients with job hunting skills. *Id.* ¶ 16.MCW owns the exclusive right to use, enforce, and protect the names of Bernard Haldane Associates, including "Bernard Haldane," "Haldane," "Bernard Haldane Associates," and "BHA" (collectively, the "Bernard Haldane marks"), in the metropolitan area of Austin, Texas. *Id.* ¶ 15.MCW has also been granted the right to protect the Bernard Haldane marks in this case. *Id.*

> FN1. The United States Patent and Trademark Office issued U.S. Reg. Nos. 2,147,499 and 2,210,149 for the mark "Bernard Haldane" on March 31, 1998 and December 15, 1998, respectively. Plaintiff's First Amended Complaint for Damages and Injunctive Relief ¶¶ 20, 21.

Together, the defendants Magedson and BBB own and operate a website, "The Rip-Off Report," located at http://www.ripoffreport.com and at http:// www.badbusinessbureau.com. *Id.* ¶ 26.The defendant Magedson is the administrative and billing contact for both domain names, and BBB is the domain name registrant. Whois Database Record, *attached to* Complaint as Exhibit 4.

The defendants' web site operates in part as a consumer complaint forum. Defendants' Motion to Dismiss For Lack of Jurisdiction and For Failure to State a Claim ("Defendants' Motion to Dismiss") at 2. The defendants post consumer complaints on the Rip-Off Report website, organizing the complaints geographically by company and under various other headings. *See* Rip-offreport.com Web Page, *attached to* Complaint as Exhibit 5 at 1; Rip-offreport.com Web Page, *attached to* Defendants'

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Motion to Dismiss as Exhibit 1 at 1. For various fees, the defendants offer companies which are the subject of complaints an opportunity to rebut the consumers' claims. *See* Terms & Conditions for Use of the Rip-Off Report Web Site Rebuttal Service ("Terms & Conditions"), *attached to* MCW's Response To Defendants' Motion To Dismiss ("MCW's Response"), as App. Tab F. at 73-74, *and* e-mails from Ed Magedson, Editor@ripoffreport.com, to Ingrid Villanueva, Hy Cite-Royal Prestige (July 11, 2003), *attached to* MCW's Motion For Leave To Supplement Opposition To Defendants' Motion to Dismiss With Newly Discovered Evidence ("Newly Discovered Evidence") as Exhibit 1. Aside from receiving and posting consumer complaints and any relevant rebuttals, the defendants' website serves several other functions. Specifically, the defendants use the website to solicit donations, sell advertising space, assist and encourage the formation of class action law suits, charge promotional fees on amounts collected by consumers, and advertise and sell "rip-off revenge" packs that encourage consumers to avenge themselves on companies. MCW's Response at 8; *see also* Rip-offreport.com Web Pages, *attached to* Defendants' Motion to Dismiss, as Exhibit 1 at 1-3, *and* as Exhibit 2 at 1.

***2** MCW filed the original complaint in this case on December 20, 2002, naming Magedson and both domain names, www.badbusinessbureau.com and www.ripoffreport.com, as defendants.[FN2]Original Complaint at 1. The complaint alleges that as early as November 5, 2001, the defendants began reproducing and/or using the Bernard Haldane marks and confusingly similar variations thereof-without any consent or authorization-in connection with the publishing and posting of false, misleading, and disparaging statements about MCW and its goods or services on the defendants' web sites. *Id.* at 8-10.Specifically, MCW alleges that the defendants post web site reports using the protected marks, create disparaging and defamatory titles to postings using the protected marks, and post numerous disparaging messages. *Id.* These uses of the Bernard Haldane marks, MCW argues, constitute a "use" of the protected marks in "commercial advertising or promotion" when the use occurs in conjunction with the defendants offering and selling of banner ads, third party services, rebuttal and collection fees, and Rip-off Revenge services. *Id.* at 10-11.Relying on the foregoing allegations, MCW asserts five separate causes of action against the defendants: (1) unfair competition under the Lanham Act, (2) false advertising under the Lanham Act, (3) unfair competition under Texas common law, (4) business disparagement under Texas common law, and (5) trademark infringement under Texas common law. *Id.* at 13-17.

FN2. The original complaint did not name BBB as a defendant. MCW's Unopposed Motion for Leave to Amend to Correct Misnomer ("MCW's Misnomer Correction") at 1; *see also* Original Complaint at 1. The complaint, however, did acknowledge that the Whois database lists BBB as the registering party of the web sites at issue. Original Complaint at 7. This knowledge alone, MCW argues, was insufficient to name BBB as a defendant because many web site owners provide false information in the Whois database as a means to escape detection. MCW's Misnomer Correction at 1-2.

Although the original complaint did not name BBB as a defendant, BBB joined with the other defendants then before the court in collectively filing, under Rule 12(b)(5), F.R. CIV. P., a motion to quash service of process. Following the denial of the Rule 12(b)(5) motion, the defendants brought the instant motions under Rules 12(b)(2) and 12(b)(6). The defendants' Rule 12(b)(6) motion asserts that MCW has failed to state a claim for which relief can be granted because (1) the defendants do not "use" the Bernard Haldane marks in commercial advertising or promotion, (2) the defendants do not compete with MCW, (3) all claims are barred by the Communications Decency Act ("CDA"), and (4) there is no likelihood of confusion in the absence of any affiliation between the two companies. Defendants' Motion to Dismiss

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

at 8-11.

Following the plaintiff's response, the defendants filed a reply which, for the first time, raised the issue of misnomer with respect to BBB. The defendants had created the misnomer in their earlier-filed motion to quash by referring to badbusinessbureau.com, LLC as www.badbusinessbureau.com, LLC. Defendants' Motion to Quash Service of Process at 1 (stating that "Defendants are ... Magedson ... and www.badbusinessbureau.com LLC"). Because a "www" designation was incorrectly included in BBB's name, the defendants maintain that BBB was not, until recently, a party to these proceedings. *See* Defendants' Reply in Support of Motion to Dismiss ("Defendants' Reply") at 3-4. MCW subsequently filed an unopposed motion to correct this misnomer. That motion was granted, and an amended complaint was filed in which BBB was named correctly as a defendant. MCW's amended complaint alleges the same substantive claims as the original complaint, updates the pleadings to correct service of process, and corrects the prior misnomer to reflect that BBB is doing business as www.ripoffreport.com and www.badbusinessbureasu.com. MCW's Misnomer Correction at 4.

II.

A. *Motion to Dismiss for Lack of Personal Jurisdiction*

1. *Legal Standard: Waiver or Preservation of Certain Defenses*

***3** Rule 12(h)(1) of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] defense of lack of jurisdiction over the person ... is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading...."FED. R. CIV. P. 12(h)(1). The plain language of Rule 12(h)(1) requires a party to raise objections to personal jurisdiction in either its first responsive pleading or by motion filed prior to the responsive pleading. *Dow Agrosciences, LLC v. Bates,* No. 5:01-CV-0331-C, 2003 WL 22660741, at *27 (N.D.Tex. Oct.14, 2003). Failure to do so results in a waiver of the defense. *Golden v. Cox Furniture Manufacturing Co., Inc.,* 683 F.2d 115, 118 (5th Cir.1982); *see also*5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1391 (2d ed.1990) at 744 (stating that "anytime [a] defendant makes a pre-answer Rule 12 motion, he must include, on penalty of waiver, the defenses set forth in subdivisions (2) through (5) of Rule 12(b)"). Therefore, it is well settled that Rule 12(h)(1)"advises a litigant to exercise great diligence in challenging personal jurisdiction."*Golden,* 683 F.3d at 118. Defendants wishing to object to personal jurisdiction "must do so in their first defense move, be it a Rule 12 motion or a responsive pleading."*Dow Agrosciences,* 2003 WL 22660741, at *27 (citing *Kersh v. Derozier,* 851 F.2d 1509, 1511-12 (5th Cir.1988); *Golden,* 683 F.3d at 118; and *T & R Enterprises, Inc. v. Continental Grain Co.,* 613 F.2d 1272, 1277 (5th Cir.1980)).

2. *The Defendants' Right to Contest Personal Jurisdiction*

Before addressing the nonresident defendants' claim that this court lacks personal jurisdiction over them, the court must first consider whether the defendants have waived their right to object to personal jurisdiction. Before filing the present motions to dismiss under Rules 12(b)(2) and 12(b)(6), the defendants jointly filed a motion under Rule 12(b)(5) to quash service of process. MCW contends that when the defendants failed to raise personal jurisdiction in their pre-answer motion under Rule 12(b), they waived the right to contest personal jurisdiction. MCW's Response at 4-5.

The defendants do not dispute that their first pre-answer Rule 12(b) motion failed to raise the issue of personal jurisdiction. Despite this concession, however, the defendants advance three arguments to support their contention that they have not waived this defense. First, the defendants argue,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Magedson did not waive the right to assert lack of personal jurisdiction because his counsel addressed the matter telephonically during oral argument on the motion to quash service of process. Defendants' Reply in Support of Motion to Dismiss at 3. Second, the defendants claim, BBB may still raise the defense because it, unlike Magedson, was not a properly named party in the original complaint and did not appear in the case until recently. *Id.* at 3-4.On these grounds, the defendants reason, BBB has not waived the defense of lack of personal jurisdiction because the present Rule 12(b) motion, rather than the earlier Rule 12(b)(5) motion, is its first defensive move. *Id.* Finally, and alternatively, the defendants maintain that even if Rule 12(g) applies, this court has the discretion to entertain the Rule 12(b)(2) motion if the court is convinced that it was not interposed for delay. *Id.* at 3. For the reasons discussed below, the court is unconvinced by these arguments.

***4** Under Rule 12(h)(1), Magedson waived his right to contest personal jurisdiction when he omitted that defense from his first Rule 12(b) motion. Contrary to the defendants' claim, raising the issue of personal jurisdiction telephonically during oral argument of the Rule 12(b)(5) motion does not rescue Magedson from the waiver provisions of Rule 12(h)(1).*See*Rule 7(b)(1), F.R. CIV. P. ("An application to the court for an order shall be by motion which, unless made during a hearing or trial, *shall be made in writing,* shall state with particularity the grounds therefor, and shall set forth the relief or order sought.") (emphasis added).FN3 The parties have not cited, and the court has not found, any cases holding otherwise. Indeed, Fifth Circuit precedent clearly provides that litigants are required to exercise *great diligence* in challenging personal jurisdiction because of the potential waiver a party might incur. *Golden,* 683 F.3d at 118 (emphasis added). Failing to raise personal jurisdiction in the first Rule 12(b) motion filed with the court does not comport with the exercise of diligence.

FN3. Counsel for the defendant apparently recognized the need to reduce to a written motion her arguments regarding lack of personal jurisdiction. *See* Transcript of Hearing on Motion to Quash Service of Process Before Hon. Paul D. Stickney, U.S. Magistrate Judge (February 28, 2003) at 21-22 ("Your Honor, I would ask for 20 days because I can't just file an answer. I need to file a Motion upon lack of jurisdiction and based upon the Communications Decency Act and some other items ...").

The defendant BBB has also waived its right to contest personal jurisdiction. Like Magedson, BBB waived the defense when it joined in the Rule 12(b)(5) motion to quash service of process without raising the issue of personal jurisdiction. The court reaches this conclusion despite BBB's assertion, *see* Defendants' Reply at 3-4, that it was not a party properly before the court when Magedson filed the Rule 12(b)(5) motion.

The defendants are correct in noting that BBB was improperly named in its own Rule 12(b)(5) motion.FN4Regardless of whether a party is ever formally named, it may become a party by participating in the proceedings.*Southmark Properties v. Charles House Corporation,* 742 F.2d 862, 869 (5th Cir.1984) ("[T]he word 'parties' does not refer to formal or paper parties, but to parties in interest, that is, that persons whose interests are properly placed before the court by someone with standing to represent them are bound by the matters determined in the proceeding."). Therefore, even if a party is improperly named in a proceeding, or not named at all, it is not thereby precluded from becoming a *de facto* intervenor. *Dow Agrosciences,* 2003 WL 22660741, at *25-*26; see also *In re Beef Industry Antitrust Litigation,* 589 F.2d 786, 789 (5th Cir.1979) (assuming that the district court implicitly authorized an unnamed party to intervene); *Minton v. St. Bernard Parish School Board,* Civ. A. No. 85-1258, 1987 WL 13895 (E.D.La. July 13, 1987) ("affording relief to a non-party is, for all practical purposes, the equivalent to authorizing intervention"). BBB became a *de facto* intervening party to these proceedings FN5 when it

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

participated in the Rule 12(b)(5) motion.[FN6] Because BBB was a party to these proceedings and joined with Magedson in filing the Rule 12(b)(5) motion, BBB waived-on the same grounds as Magedson-its personal jurisdiction argument.

FN4. *Supra,* note 2. Defense counsel's reference to badbusinessbureau.com, LLC in their motion to quash incorrectly included a "www" designation, resulting in a misnomer of www.badbusinessbureau.com, LLC.

FN5. *Dow Agrosciences* is particularly instructive on this issue. In that case, the court determined that parties who had claimed they were not properly named nonetheless became *de facto* intervenors and parties to the proceedings. *Dow Agrosciences,* 2003 WL 22660741, at *26. The court further noted that if the improperly named parties at issue were sincere that "they had not previously submitted themselves to the Court's authority, then they would have had no standing to respond ... without *first* moving the Court for leave to intervene in accordance with FED. R. CIV. P. 24(a)(2) and/or 24(b)(2), following the procedures prescribed in FED. R. CIV. P. 24(c)." *Id.* (emphasis in original). This court is inclined to believe, as was the court in *Dow Agrosciences,* that BBB's failure to observe the procedures mandated by Rule 24 is proof that the defendants understood the consequences of their voluntary appearance.

FN6. It would be unfair to allow BBB to avoid the court's exercise of authority after it sought to benefit from filing the Rule 12(b)(5) motion. Had the defendants not intended BBB to be a party to the Rule 12(b)(5) proceedings on January 31, 2003, the date the motion to quash was filed, then surely they would have raised the issue after filing the Rule 12(b)(5) motion, opposed MCW's subsequent motion to correct the misnomer and amend the complaint, or raised the issue of misnomer to the court at some time before April 24, 2003, the date their reply was filed.

***5** By filing and arguing the Rule 12(b)(5) motion, BBB waived the defense of lack of personal jurisdiction on other grounds as well, *viz.,* when it later failed to oppose MCW's motion to correct the misnomer and amend the original complaint. The Fifth Circuit has recognized that "a party may waive any jurisdictional objections if its conduct does not reflect a continuing objection to the power of the court to act over the defendant's person." *PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland),* 260 F.3d 453, 460-61 (5th Cir.2001) (internal quotation marks omitted). In addition, the Fifth Circuit holds that when any party, named or unnamed, served or unserved, engages in "affirmative action that impliedly recognizes the court's jurisdiction over the parties," it cannot thereafter contest the court's power to exercise judicial authority over them. *Maiz v. Virani,* 311 F.3d 334, 341 (5th Cir.2002). Therefore, when the defendants failed to oppose MCW's motion to correct the misnomer, which effectively allowed BBB to be formally named in the complaint, the defendants invited the court to exercise its authority over BBB and are now deemed to have voluntarily submitted to that authority. Acquiescing in the correction of the misnomer and allowing itself to be named in the complaint are not acts that reflect a continuing objection to the power of the court.

Because Magedson and BBB failed to exercise diligence in challenging personal jurisdiction, this court does not have the discretion to entertain the defendants' motion to dismiss for lack of jurisdiction. Even if the court were convinced that the instant motion was not interposed for delay, Rule 12(h)(1) and the case law cited above compel a conclusion of waiver. The precedent clearly "advises a litigant to exercise great diligence in challenging personal jurisdiction." *Golden,* 683 F.3d

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.