Not Reported in F.Supp.2d    Page 5
Not Reported in F.Supp.2d, 2004 WL 1773349 (N.D.Cal.), 71 U.S.P.Q.2d 1914
**(Cite as: Not Reported in F.Supp.2d)**

The case at bar is also different than the various swap-meet cases like *Fonovisa,* where the swap-meet owners had the contractual right to eject any vendor from the premises. *Fonovisa,* 76 F.3d at 263. Unlike the swap-meet owners in *Fonovisa,* here Defendants cannot "eject" the websites from the Internet. The only power Defendants possess is that which allows the websites to process a certain type of payment through a certain bank. Plaintiff has not pled any facts that indicate that the right or ability to control the alleged *infringing conduct* of the websites is present.

b. Direct Financial Benefit

*6 The complaint includes facts that might indicate a financial benefit to Defendants as a result of the draw from the alleged infringing images. However, because Defendants did not have the right or ability to exercise control over the alleged infringing activity, the existence of a financial benefit is not sufficient to establish vicarious liability. Defendants' motion to dismiss this claim is granted with leave to amend.

B. Trademark Infringement

Plaintiff's second and third claims are for trademark infringement. There are no facts alleged that indicate direct infringement by Defendants. Instead, the complaint once again refers to the conduct of the Stolen Content Websites, some of whom have allegedly left "Perfect 10" printed on the materials they allegedly misappropriated from Plaintiff's website or magazines.

1. Contributory Trademark Infringement

Liability for secondary trademark infringement is even narrower than that under copyright law. *Sony Corp. of America v. Universal City Studios, Inc.,* 464 U.S. 417, 439, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984). In order to be liable for contributory trademark infringement, Defendants must have either "induce[d] a third party to infringe the plaintiff's mark or supplie[d] a product to a third party with actual or constructive knowledge that the product is being used to infringe the

*Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 983 (9th Cir.1999).

Plaintiff has pled no facts indicating that Defendants induced the allegedly infringing websites to use Plaintiff's marks. In fact, the language of the complaint indicates that Plaintiff believed the standard for contributory trademark infringement to be the same as that for contributory copyright infringement. (Compl. ¶ 98 ("Defendants are knowingly inducing, causing, and materially contributing to the conduct of the Stolen Content Websites").) As the rule stated above indicates, however, this is not the case. Although the complaint contains the allegation that Defendants "are knowingly inducing" the alleged infringing conduct, *Id.,* there are no facts presented in the complaint that support such an allegation.

Likewise, Plaintiff has not pled facts indicating that Defendants supplied a product to the websites, knowing that the product would be used to infringe Plaintiff's mark. The only service Defendants supply is the ability to accept certain credit cards as payment, and this service has no apparent direct link to the alleged infringing activities. As a result, Plaintiff has not adequately pled a claim for contributory trademark infringement. Defendant's motion to dismiss this claim is granted with leave to amend.

2. Vicarious Trademark Infringement

For vicarious trademark infringement to exist, Defendants and the infringers must "have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product."*Hard Rock Cafe Licensing Corp. v. Concession Services, Inc.,* 955 F.2d 1143, 1150 (9th Cir.1992).

*7 Plaintiff has pled no facts that indicate such an intimate relationship between Defendants and the allegedly infringing websites. Plaintiffs have not alleged that Defendants have been involved in any sort of a partnership with the websites. Once again, Plaintiff seems to be pleading to the wrong legal

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 6
Not Reported in F.Supp.2d, 2004 WL 1773349 (N.D.Cal.), 71 U.S.P.Q.2d 1914
**(Cite as: Not Reported in F.Supp.2d)**

standard, including terms like "control the infringing content" and "direct financial benefit," (Compl.¶ 98), which are important when considering vicarious copyright infringement, but have no bearing on the existence of vicarious trademark infringement. Defendants' motion to dismiss this claim is granted with leave to amend.

### C. State Trademark Claims

Plaintiff's fourth claim is for the wrongful use of a registered mark under California Business & Professions Code § 14335. This section applies to "[a]ny person who uses or unlawfully infringes upon a mark registered under this chapter or under Title 15 of the United States Code."Cal. Bus. & Prof.Code § 14335(a). Nowhere in the complaint does it allege that Defendants have ever used Plaintiff's marks. The Court has also found the pleading of secondary trademark infringement insufficient, therefore this section does not apply. Defendants' motion to dismiss this claim is granted with leave to amend.

### D. Right of Publicity

Plaintiff claims that Defendants have aided and abetted the violation of its right of publicity in various models. Under California law, "[t]o establish aiding and abetting liability ... plaintiff must show that VISA affirmatively participated in the [illegal] activities with the intent to facilitate them."*Emery v. Visa Int'l Service Assoc.,* 95 Cal.App.4th 952, 962, 116 Cal.Rptr.2d 25 (2002). The court went on to conclude that "knowledge of, or failure to prevent, a crime is not sufficient to establish aiding and abetting liability."*Id.* The same reasoning applies to this case. According to the complaint, Defendants did not participate in the alleged illegal activities, they merely provided financial services to merchants. The fact that Plaintiff may have notified Defendants of illegal conduct is "not sufficient to establish aiding and abetting liability."*Id.* Defendants' motion to dismiss this claim is granted with leave to amend.

### E. Unfair Competition

Plaintiff asserts a claim for unfair competition under 15 U.S.C. § 1125(a), California Business & Professions Code §§ 17200*et seq.,* and the common law. These claims are based on what Defendants colorfully dub as "a virtual bouillabaisse of alleged misconduct by third parties."(Reply Memo. in Support of Def.'s Mot. to Dismiss, p. 21.) The misconduct, all perpetrated by the allegedly infringing websites or unidentified "webmasters," includes selling misappropriated content, deceiving customers as to the origin of their content, misrepresenting the amount and scope of material on the websites, falsely claiming their websites are free, selling access to unauthorized passwords, and running websites that promote rape and incest, illegal downloading, and stealing cable television services. (Compl.¶¶ 127-28.) The only allegation against the Defendants in the midst of this claim is that they provided critical support to the perpetrators of this misconduct. *Id.* Although not specified, the alleged "critical support" is presumably the provision of credit card processing services.

*8 Plaintiff has not alleged any direct wrongdoing on the part of Defendants. Any liability is premised entirely on vicarious or aiding and abetting liability. Vicarious liability, however, is precluded under the California unfair competition laws. When another party tried to sue Visa for vicarious liability under this statute, the California Court of Appeal for the Third District stated, "[t]he concept of vicarious liability has no application to actions brought under the unfair business practices act. [citation omitted] A defendant's liability must be based on his personal participation."*Emery v. Visa Int'l Serv. Ass'n,* 95 Cal.App.4th 952, 960, 116 Cal.Rptr.2d 25 (2002). Plaintiff has failed to allege any personal participation on the part of Defendants, therefore Plaintiff fails to state a claim for vicarious liability.

Plaintiff argues in its reply brief that while vicarious liability may be precluded, Defendants may still be held liable for aiding and abetting liability. Although such liability may be possible, Plaintiff has not alleged sufficient facts to support

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1773349 (N.D.Cal.), 71 U.S.P.Q.2d 1914
**(Cite as: Not Reported in F.Supp.2d)**

Page 7

such a claim for the same reasons set forth in the preceding section. Plaintiff has simply failed to allege facts indicating that Defendants assisted specifically in the unlawful conduct of the third parties. This reasoning similarly precludes the unfair competition claims under the Lanham Act and common law. Defendants' motion to dismiss this claim is granted with leave to amend.

F. False Advertising

For the same reasons set forth in the preceding sections concerning aiding and abetting liability, Plaintiff has failed to adequately state facts supporting a claim against Defendants for false advertising under either California law or the common law. Defendants' motion to dismiss this claim is granted with leave to amend.

G. Libel

Plaintiff's eighth claim is for libel. "Libel is a false and unprivileged publication ... which exposes any person to hatred, contempt, ridicule, ... or which has a tendency to injure him in his occupation."Cal. Civ.Code § 45. Plaintiff alleges that by placing its name on a list of merchants whose accounts were terminated, Defendants have issued a declaration to the "entire payment card industry" that Plaintiff engaged in wrongful conduct and would present a high risk to any financial institution that provides it with credit services. (Compl.¶ 144.) Plaintiff's claim for libel is insufficient for two reasons-first, Defendants have not published anything that is untrue, and second, it is time-barred.

The libel claim fails because it requires a false statement, which Plaintiff does not allege. Plaintiff alleges that the black list is a list of merchants who have had their accounts terminated by Visa. (Compl.¶ 12.) Plaintiff also admits in its complaint that its merchant account was terminated by Visa. (Compl.¶ 143.) Therefore the act of telling other banks that Plaintiff has had its account terminated is not a false statement. The truth is an absolute defense to a claim of libel. *Newberry v. Pacific Racing Assoc.,* 854 F.2d 1142, 1151 (9th Cir.1988).

*9 In addition, the libel claim is time-barred. The statute of limitations for a claim of libel is one year. Cal.Civ.Proc.Code § 340(c). Plaintiff alleges in its complaint that it was placed on the "Black List" in 2001. The complaint was not filed until 2004, well outside of the time limit. Plaintiff contends in its reply brief that it did not discover the publication until 2003, however this allegation is not in the complaint. The court may not look outside of the complaint when deciding a 12(b)(6) motion. *Schneider v. California Dept. of Corrections,* 151 F.3d 1194, 1197 (9th Cir.1998). Aside from being outside the scope of the complaint, this assertion defies common logic. Plaintiff's placement on the Black List resulted in the revocation of its merchant account and consequent inability to process Visa cards without an intermediary. It would be nigh impossible for Plaintiff not to have noticed such a change in its situation.

Plaintiff's alternate contention is that each time a member bank accessed the Black List, it constituted a re-publication of the list, and therefore the statute of limitations began anew from the most recent time the list was accessed. The Court need not address the issue of whether each accessing of the list constituted a publication, however, because Plaintiff has not alleged any facts in its complaint that indicate an accessing of the list within the year before the complaint was filed. Therefore, on the face of the complaint, the claim for libel fails because no false statement was made, and it is time-barred. Defendants' motion to dismiss this claim is granted with prejudice.

H. Intentional Interference with Economic Relations

Plaintiff alleges that Defendants have intentionally interfered with its economic relations both by placing it on the black list and by participating in the business of the Stolen Content Websites. This cause of action is subject to a two-year statute of limitations. Cal.Code Civ. Proc. § 339; *Tu-Vu Drive-In Corp. v. Davies,* 66 Cal.2d 435, 437, 58 Cal.Rptr. 105, 426 P.2d 505 (1967). Defendants placed Plaintiff on the black list in 2001. Because

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1773349 (N.D.Cal.), 71 U.S.P.Q.2d 1914
**(Cite as: Not Reported in F.Supp.2d)**

Page 8

the complaint was not filed within two years, this claim is also time-barred.

In addition, in order to adequately plead a claim for intentional interference with economic relations, Plaintiff must allege that Defendants have committed some independently wrongful act. Defendant's act must have been "wrongful by some legal measure other than the fact of interference itself."*Della Penna v. Toyota Motor Sales, U.S.A., Inc.,* 11 Cal.4th 376, 393, 45 Cal.Rptr.2d 436, 902 P.2d 740 (1995). Plaintiff relies on its claim of libel to constitute this wrongful act. However, this Court has now held the libel claim insufficient as a matter of law. Because Plaintiff has alleged no other wrongful acts, the claim for intentional interference with economic relations fails. Defendants' motion to dismiss this claim is granted with prejudice.

### V. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED. The claims for libel and intentional interference with economic relations are dismissed with prejudice. The claims for contributory and vicarious copyright infringement, contributory and vicarious trademark infringement, state trademark infringement, right of publicity, unfair competition, and false advertising are dismissed with leave to amend. Plaintiff may file and serve an amended complaint no later than September 6, 2004. All scheduled trial and pre-trial dates are vacated.

N.D.Cal.,2004.
Perfect 10, Inc. v. Visa Intern. Service Ass'n
Not Reported in F.Supp.2d, 2004 WL 1773349 (N.D.Cal.), 71 U.S.P.Q.2d 1914

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.