8

Dockets.Justia.com


Westlaw.

Not Reported in F.Supp.2d                                                                                    Page 1
Not Reported in F.Supp.2d, 2006 WL 887431 (E.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

**C**
Prickett v. InfoUSA, Inc.
E.D.Tex.,2006.
Only the Westlaw citation is currently available.
   United States District Court,E.D. Texas, Sherman
                      Division.
   David PRICKETT and Jodie Linton-Prickett,
                      Plaintiffs,
                           v.
   INFOUSA, INC., SBC Internet Services and
        Yahoo!, Inc., Defendants.
              **No. 4:05-CV-10.**

                 March 30, 2006.

Barry Stuart Zisman, Zisman Law Firm PC, Dallas,
TX, for Plaintiffs.
Dee J. Kelly, Jr., Megan Moser Cooley, Kelly Hart
& Hallman, Fort Worth, TX, Craig Alan
McDougal, Kirk Todd Florence, Crouch & Ramey,
Dallas, TX, for Defendants.

SCHELL, J.
*1 The following are pending before the court:
1. Defendant *info* USA's motion for summary
judgment, brief and evidentiary submission (docket
entry # 25);
2. Defendant SBC Internet Services' motion for
summary judgment and brief in support (docket
entry # 26);
3. Unopposed supplement to Defendant *info* USA's
motion for summary judgment, brief and
evidentiary submission (docket entry # 40);
4. Plaintiffs' response to Defendant *info* USA's
motion for summary judgment (docket entry # 49);
5. Defendant *info* USA's reply brief in support of
motion for summary judgment (docket entry # 50);
6. Defendant *info* USA's supplemental brief in
support of motion for summary judgment (docket
entry # 53);
7. Plaintiffs' supplemental response to Defendant
*info* USA's motion for summary judgment (docket
entry55 and 56); and
8. Defendant *info* USA's reply to Plaintiffs'
supplemental response to Defendant *info* USA's

motion for summary judgment (docket entry # 58).

Having considered the Defendants' motions and the
respective responses and replies thereto, the court is
of the opinion that the motions for summary
judgment should be granted.

The facts of the case are undisputed. In June 2003,
the Plaintiffs began receiving sexually explicit
telephone calls from strangers at their residence. Pl.
Orig. Pet., p. 3. The telephone calls were constant,
some harassing and life-threatening. *Id.* The
telephone calls included the following barrage of
verbal attacks: "You whore;" "Saw you on the
internet ...;" and "I'm going to kill you." *Id.* The
Plaintiffs endured this harassment until August
2003 when they changed their home telephone
number. *Id.* at 3-4.

Throughout August 2003, strangers visited the
Plaintiffs' residence at all hours of the night. *Id.* at
4. One evening, an inebriated male urinated in the
Plaintiffs' front yard. *Id.* The Plaintiffs reported the
trespassers to the police on several occasions. *Id.*
The Plaintiffs became concerned for their own
safety and the safety of their children. *Id.*

The Plaintiffs were anonymously reported to Child
Protective Services ("CPS").*Id.* As a result of such
reporting, the Plaintiffs and their children were
subjected to an embarrassing and extensive
investigation. *Id.* At the conclusion of the
investigation, CPS took no further action. *Id.* at 4-5.

The Plaintiffs subsequently learned that their
names, address and telephone number were listed
on three different websites. *Id.* at 3. The websites
listed the Plaintiffs' personal information under the
heading "Entertainers-Adult." Pl. Resp. to Def. *info*
USA's Mtn. for Summ. Judg., Exh. B. The
Plaintiffs' personal information was published on
*info* USA, SBC Internet Services and YAHOO!'s
websites. Pl. Orig. Pet., p. 3.

The Plaintiffs originally sued the Defendants in the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 887431 (E.D.Tex.)
(Cite as: Not Reported in F.Supp.2d)

Page 2

393rd Judicial District Court of Denton County, Texas on December 7, 2004. The Plaintiffs sued the Defendants under the following causes of action for the erroneous publication of their personal information on the internet:

**\*2** 1. Defamation;
2. Defamation (libel per se);
3. Invasion of privacy (intrusion on seclusion);
4. Invasion of privacy (public disclosure of private facts);
5. Trespass to real property;
6. Private nuisance;
7. Negligence; and
8. Intentional infliction of emotional distress.

On January 7, 2005, the Defendants removed the Plaintiffs' lawsuit to this court based on diversity jurisdiction. On April 29, 2005, *info* USA and SBC Internet Services filed their respective motions for summary judgment. Both Defendants seek immunity from suit. Although the Plaintiffs responded to *info* USA's motion for summary judgment, they did not respond to SBC's motion.FN1 The court will examine each motion in turn.

> FN1.YAHOO!, Inc. was dismissed from the lawsuit with prejudice on May 31, 2005 (docket entry # 46).

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."FED. R. CIV. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The trial court must resolve all reasonable doubts in favor of the party

opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.,* 655 F.2d 598, 602 (5th Cir.1981) (citations omitted). The substantive law identifies which facts are material. *See id.* at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See id.* at 247.If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir.1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex,* 477 U.S. at 323, 325; *Byers v. Dallas Morning News, Inc.,* 209 F.3d 419, 424 (5th Cir.2000). Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The nonmovant must adduce affirmative evidence. *See Anderson,* 477 U.S. at 257.

### 1. *INFO* USA

*info* USA (the "Defendant") is a leading compiler of several proprietary databases. Def. *info* USA's Mtn. for Summ. Judg., Daniel Speicher Aff., p. 1, ¶ 2. The databases capture information about businesses and consumer households in the United States and Canada. *Id.* The Defendant uses many sources to compile information for the databases, including information received over the internet from third parties. *Id.* at ¶ 3.

**\*3** The Defendant regularly disseminates and distributes its database information to customers and the public in general. *Id.* at ¶ 4. The Defendant provides its database information to its customers via the internet or CD-rom. *Id.* at ¶ 6. The Defendant maintains internet websites at http://www.salesgenie.com and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 887431 (E.D.Tex.)
(Cite as: Not Reported in F.Supp.2d)

Page 3

*Id.* at ¶ 5. The websites allow customers and other third parties to access certain database information, request changes to existing database information and request that new listings be added to one or more of the Defendant's databases. *Id.,* p. 2, ¶ 7. Each month, the Defendant receives over eleven million page views on its directory assistance sites. *Id.* at ¶ 9.

On April 18, 2003, eighty-two (82) requests were made over the internet to add new listings to the Defendant's business database. *Id.* at ¶ 13. Of those requests, an unknown third party requested that the Defendant add the business "D. Prickett" to its business database. *Id.,* p. 3, ¶ 18. The anonymous third party was provided a blank space in which to enter the primary line of business. Unopposed Supp. to Def. *info* USA's Mtn. for Summ. Judg., Daniel Speicher Supp. Aff., p. 1, ¶ 3. The anonymous third party classified D. Prickett's primary line of business as "Adult." *Id.* at ¶ 4. The Defendant's website then prompted the anonymous third party to further classify D. Prickett's business. *Id.* at ¶ 5. The anonymous third party was presented with 14 subcategories from which to choose. *Id.* The anonymous third party selected the subcategory of "Entertainers-Adult." *Id.* at ¶ 6.

Similarly, on April 18, 2003, an unknown third party requested that the Defendant add the business "Linton" to its business database. Def. *info* USA's Mtn. for Summ. Judg., Daniel Speicher Aff., p. 2, ¶ 16. The anonymous third party was provided a blank space in which to enter the primary line of business. Unopposed Supp. to Def. *info* USA's Mtn. for Summ. Judg., Daniel Speicher Supp. Aff., p. 2, ¶ 8. The anonymous third party classified Linton's primary line of business as "Lingerie." *Id.* at ¶ 9. The Defendant's website then prompted the anonymous third party to further classify Linton's business. *Id.* at ¶ 10. The anonymous third party was presented with 4 subcategories from which to choose. *Id.* The anonymous third party selected the subcategory of "Women's Underwear and Lingerie-Retail." *Id.* at ¶ 11.

Before adding new listings to the Defendant's

business database, an employee of the Defendant reviews the information to ensure that its content is appropriate. Def. *info* USA's Mtn. for Summ. Judg., Daniel Speicher Aff., p. 3, ¶ 21. Customers adding new businesses or making changes to an existing business are assured of the following:

We deliver the utmost quality information, and this is one way we keep track of all the business changes that are happening. We also call every business to verify the information, so you can be assured of the most current and accurate listings.

*4 Def. *info* USA's Mtn. for Summ. Judg., Exhs. B & C.

In May 2003, the Defendant forwarded its business database, including the information from the Linton and D. Prickett listings, to YAHOO!, Inc. and Southwestern Bell Yellow Pages, Inc. Def. *info* USA's Mtn. for Summ. Judg., Daniel Speicher Aff., p. 3, ¶ 22. YAHOO!, Inc. and Southwestern Bell Yellow Pages, Inc. subsequently published this information on the internet. The Plaintiffs now seek to hold the Defendant liable for the erroneous publication of this information. The Defendant, in turn, seeks immunity under the Communications Decency Act, 47 U.S.C. § 230.[FN2]

> FN2. The court addresses immunity under 47 U.S.C. § 230 without guidance from the Fifth Circuit.

47 U.S.C. § 230(c)(1) states as follows:
No provider or user of an interactive computer service [FN3] shall be treated as the publisher or speaker of any information provided by another information content provider.[FN4]

> FN3. "The term 'interactive computer service' means any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." 47

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

U.S.C. § 230(f)(2).

FN4."The term 'information content provider' means any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service."47 U.S.C. § 230(f)(3).

"Through this provision, Congress granted most Internet services immunity from liability for publishing false or defamatory material so long as the information was provided by another party."*Carafano v. Metrosplash.com, Inc.,* 339 F.3d 1119, 1122 (9th Cir.2003)."As a result, Internet publishers are treated differently from corresponding publishers in print, television and radio."*Id .,* citing *Batzel v. Smith,* 333 F.3d 1026-27 (9th Cir.2003).

"Congress enacted [47 U.S.C. § 230] as part of the Communications Decency Act of 1996 for two basic policy reasons: to promote the free exchange of information and ideas over the Internet and to encourage voluntary monitoring for offensive or obscene material."*Id.,* citing *Batzel,* 333 F.3d at 1026-30. "Congress incorporated these ideas into the text of § 230 itself, expressly noting that 'interactive computer services have flourished, to the benefit of all Americans, with a minimum of government regulation,' and that '[i]ncreasingly Americans are relying on interactive media for a variety of political, educational, cultural, and entertainment services.' ' *Id.* at 1122-23, quoting 47 U.S.C. § 230(a)(4), (5). "Congress declared it the 'policy of the United States' to 'promote the continued development of the Internet and other interactive computer services,' 'to preserve the vibrant and competitive free market that presently exists for the Internet and other interactive computer services,' and to 'remove disincentives for the development and utilization of blocking and filtering technologies.' ' *Id.* at 1123, quoting 47 U.S.C. § 230(b)(1), (2), (4).

"In light of these concerns, reviewing courts have

treated § 230(c) immunity as quite robust, adopting a relatively expansive definition of 'interactive computer service' and a relatively restrictive definition of 'information content provider.' ' *Id.* "Under the statutory scheme, an 'interactive computer service' qualifies for immunity so long as it does not also function as an 'information content provider' for the portion of the statement or publication at issue." *Id.* Section 230(c) provides broad immunity for publishing content provided primarily by third parties. *Id.,* citing *Green v. America Online,* 318 F.3d 465, 470-71 (3d Cir.2003). "Under § 230(c), therefore, so long as a third party willingly provides the essential published content, the interactive service provider receives full immunity regardless of the specific editing or selection process." *Id.* at 1124.

*5 The court notes that the Plaintiffs do not dispute that the Defendant is a provider or user of an interactive computer service as defined by 47 U.S.C. § 230. *See Ben Ezra, Weinstein, & Co. v. America Online Inc.,* 206 F.3d 980, 984 (10th Cir.2000). The Plaintiffs, however, argue that the Defendant operated as an information content provider. *See id.*The Plaintiffs contend that because the anonymous third party was prompted to select subcategories through the Defendant's database gathering system, the Defendant directed the third party's selections. The fact that some of the content was formulated in response to the Defendant's prompts does not alter the Defendant's status. *See Carafano,* 339 F.3d at 1124. "Doubtless, the [prompts] facilitated the expression of information by [the anonymous third party]."*Id.*"However, the selection of the content was left exclusively to the user."*Id.* Like *Carafano,*"[the Defendant] cannot be considered an 'information content provider' under the statute because no [listing] has any content until a user actively creates it."*Id.; see also Fair Housing Council of San Fernando Valley v. Roommate.com, LLC,* 2005 WL 3299077 (C.D.Cal.2005).

Additionally, the Plaintiffs argue that the Defendant operated as an information content provider because the Defendant assures the accuracy of its listings via its verification process. The Plaintiffs

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                                                   Page 5
Not Reported in F.Supp.2d, 2006 WL 887431 (E.D.Tex.)
(Cite as: Not Reported in F.Supp.2d)

are presumably alleging that they were harmed by third party content and that the Defendant is liable for failing to verify the accuracy of the content. *See Barnes v. Yahoo!, Inc.,* 2005 WL 3005602, *4 (D.Or.2005).“Any such claim by [the Plaintiffs] necessarily treats the [Defendant] as ‘publisher’ of the content and is therefore barred by § 230.”*Id.* The Plaintiffs' argument that they seek to hold the Defendant liable for its alleged failure to verify the accuracy of the listing does not remove this case from the immunity provided by § 230. *See id.*“[The Plaintiffs'] claim remains an effort to hold the [Defendant] liable for failing to perform the duties of a publisher, ...” *Id.*

The Plaintiffs further argue that the Defendant holds itself out as an information content provider. The Plaintiffs assert that the Defendant compiles proprietary databases and then provides the compilations to other businesses who pay for the license to reproduce the information in their own mediums.[FN5] The Plaintiffs surmise that the Defendant relies on the accuracy of its information in order to attract customers. Assuming the Defendant could be considered an information content provider based on the Plaintiffs' assertions, the statute precludes treatment as a publisher or speaker for “any information provided by another information content provider.”*See Carafano,* 339 F.3d at 1125, quoting 47 U .S.C. § 230(c)(1).“The statute would still bar [the Plaintiffs'] claims unless [the Defendant] created or developed the particular information at issue.” *Id.* In analogizing *Carafano* to a similar case involving eBay, the *Carafano* court noted as follows:

> FN5. The Plaintiffs further argue that the Defendant is an information content provider because an internet search revealed that third parties characterize the Defendant as a “content provider.” The Plaintiffs have attached copies of their search results to which the Defendant objects. The Defendant argues that the evidence is misleading and irrelevant because a third party's characterization of the Defendant is of no consequence. The

court agrees and sustains the Defendant's objection thereto.

*6 [T]he fact appellants allege eBay is an information content provider is irrelevant if eBay did not itself create or develop the content for which appellants seek to hold it liable. It is not inconsistent for eBay to be an interactive service provider and also an information content provider; the categories are not mutually exclusive. The critical issue is whether eBay acted as an information content provider with respect to the information that appellants claim is false or misleading.
*Carafano,* 339 F.3d at 1125, quoting *Gentry v. eBay, Inc.,* 99 Cal.App.4th 816, 121 Cal.Rptr.2d 703, 717 n. 11 (2002).

Here, critical information concerning the Plaintiffs' names, address and home telephone number as well as the alleged business names were transferred unaltered. *See Carafano,* 339 F.3d at 1125. Further, the type of businesses listed stemmed not from the Defendant's prompts but, rather, from the anonymous third party's classification. As such, the Defendant did not play a significant role in creating or developing the information at issue. *See id.*

“Thus, despite the serious and utterly deplorable consequences that occurred in this case, [the court concludes] that Congress intended that service providers such as [the Defendant] be afforded immunity from suit.”*Carafano,* 339 F.3d at 1125. As a matter of law, Defendant *info* USA is entitled to immunity pursuant to 47 U.S.C. § 230.

### 2. SBC INTERNET SERVICES

SBC Internet Services (“SBC”) seeks immunity under § 230 as well. SBC filed a motion for summary judgment seeking immunity; the Plaintiffs, however, did not file a response. The Plaintiffs informed the court that they were “currently finalizing documentation to dismiss Defendant SBC Internet Services from this action pursuant to agreement.”Pl. Resp. to Def. *info* USA's Mtn. for Summ. Judg., p. 2 n. 1. However, as of January 26, 2006, the Plaintiffs had yet to do so.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 6
Not Reported in F.Supp.2d, 2006 WL 887431 (E.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

Ltr. from Jason Nash, counsel for SBC, dated January 26, 2006.

"In the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition."Local Rule CV-7(d). Since the Plaintiffs failed to file an opposition to SBC's motion for summary judgment, the court will assume that the Plaintiffs have no opposition to SBC's motion.

In its motion for summary judgment, SBC argues that, as a matter of law, it is immune from suit under 47 U.S.C. § 230. Since the Plaintiffs have not responded to SBC's motion for summary judgment, the court will assume that the Plaintiffs concur with SBC's assessment that it is immune from suit. The court concludes, then, as a matter of law, that Defendant SBC Internet Services is entitled to immunity under 47 U.S.C. § 230.

Based on the foregoing, the court GRANTS Defendant *info* USA's motion for summary judgment, brief and evidentiary submission (docket entry # 25), Defendant SBC Internet Services' motion for summary judgment and brief in support (docket entry # 26) and the unopposed supplement to Defendant *info* USA's motion for summary judgment, brief and evidentiary submission (docket entry # 40).
*7 SIGNED this the 29th day of March, 2006.

E.D.Tex.,2006.
Prickett v. InfoUSA, Inc.
Not Reported in F.Supp.2d, 2006 WL 887431 (E.D.Tex.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.