IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

AMERICAN AIRLINES, INC.,

                        Plaintiff,                      Civil Action No. 4-07-CV-487-A

-v.-

GOOGLE INC.,

                        Defendant.

## JOINT STATUS REPORT

Pursuant to the Court's September 20, 2007 order, plaintiff, American Airlines, Inc., and defendant, Google Inc., submit this Joint Status Report.

**1.**    **Nature of the Case and Contentions of the Parties:**

    **A.**    **Plaintiff's Contentions:**

This lawsuit is about unfair and unlawful competition. American filed suit to stop Google from "selling" American's trademarks and service marks (the "AA Marks") as "keywords" on Google's internet search engine. When an internet user enters one of the AA Marks into Google's search engine, it triggers a "Sponsored Link." In many instances, the text and titles of these "Sponsored Links" include AA Marks or terms confusingly similar to those marks. Instead of directing consumers to the AA website that they seek, these "Sponsored Links" misdirect a consumer other websites. Internet users searching for AA's website to do business with AA are thereby diverted by Google's actions to third-party websites, causing significant consumer confusion

and costing AA millions of dollars each year in lost sales or damaged relationships with consumers. Google's conduct gives rise to both claims under the Lanham Act and various Texas state law claims.

    B.    **Defendant's Contentions:**

This lawsuit is about American's attempt to stifle fair and legal competition. When a Google advertiser inputs text the same as or similar to an American trademark, that text is used invisibly to trigger advertisements. This is not trademark use under the Lanham Act. Google's policies specifically prohibit advertisers from displaying American's trademarks in the text of their advertisements. To the extent any advertisement contains text that contains an American mark, the use is legitimate and permissible because it accurately describes products and information provided by the advertiser. American has suffered no blurring or tarnishment. In addition, American has no trademark rights to many of the terms listed in its complaint. Moreover, American's claims for direct infringement fail because Google does not brand its search engine or advertising products with American's marks and American's claims for secondary liability fail because Google does not exercise the requisite control over the alleged direct infringers of American's marks. Also, the Communications Decency Act immunizes Google from all but American's federal intellectual property claims. Finally, American cannot prove crucial elements of its state law claims.

2.    **Any challenge to jurisdiction or venue:**
    There is no challenge to jurisdiction or venue.

3.    **Any pending motions:**
    The only pending motion is Google's motion to dismiss filed on September 19, 2007.
    American filed its response on October 9, 2007.
    Google intends to file a reply brief on or by October 24, 2007.
    No other motions are anticipated at this time.

4.    **Any matters which require a conference with the court:**
    No conference is required at this time.

5.  **Likelihood other parties will be joined, identity of potential parties and an estimate of the time needed for joinder:**

    The parties do not anticipate joining any other parties at this time.

6.  **Requested trial date, estimate of length of trial and whether jury has been demanded:**

    The parties request a trial date of September 15, 2008 and estimate that the case will take 7 to 10 days to try. A jury trial has been demanded.

7.  **Prospects for settlement and status of any settlement negotiations:**

    a)  <u>Prospect for settlement</u>: Remains uncertain.

    b)  <u>Status of Settlement Negotiations</u>: The parties conducted the face-to-face settlement conference required by the Court's order, but a settlement was not reached. Before American filed suit, the parties had extensive settlement negotiations.

8.  **Any other matters relevant to the status and disposition of the case:**

    None.

9.  **Settlement Conference:**

    A face-to-face settlement conference was held on Tuesday, October 16, 2007 at the Fort Worth office of Kelly, Hart & Hallman. The following people attended the conference in person:

    (a)  For American Airlines, Inc.:

    Rob Friedman -- representative for American Airlines, Inc.

    Gary Kennedy - General Counsel at American Airlines, Inc.

    Terence Ross -- lead counsel for American Airlines, Inc.

    Trey Nicoud - counsel for American Airlines, Inc.

    Don Broadfield -- in-house counsel for American Airlines, Inc.

    Bruce Wark -- in-house counsel for American Airlines, Inc.

    Dee Kelly, Jr. - counsel for American Airlines, Inc.

    Lars L. Berg -- counsel for American Airlines, Inc.

 (b) For Google Inc.

  Michael Kwun – Chief Litigation Counsel and representative for Google Inc.

  Michael Page – lead counsel for Google Inc.

  Joseph F. Cleveland – counsel for Google Inc.

Meaningful progress toward settlement was not made. The prospect for settlement remains uncertain.

## PROPOSED DISCOVERY PLAN

Pursuant to Rule 26(f), the parties submit the following proposed discovery plan.

**1.** **Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)**

Initial disclosures required by Rule 26(a)(1) will be made at the same time a party responds to the first written discovery request.

**2.** **Subjects on which discovery will be needed**

**Plaintiff:**

At this time, Plaintiff anticipates needing discovery from Defendant sufficient to establish each cause of action in the Complaint, including but not limited to, information relating to: Defendant's AdWords program and other advertising programs; the sale and other uses of Plaintiff's trademarks and/or confusingly similar words/terms; the algorithms and other technologies used in the AdWords program; Defendant's trademark policies; the development of "Sponsored Links;" the identities of advertisers and clients of defendant; actual advertisements triggered by Plaintiff's trademarks or confusingly similar words/terms; consumer studies conducted by Defendants relating to "sponsored Links" or the AdWords program; communications with clients about the AdWords Program and promotion of the AdWords Program; and financial information sufficient to establish the damages/other relief sought in the Complaint. Discovery may also be required of third parties

relating to the foregoing information. Plaintiff reserves the right to seek additional discovery as needed.

**Defendant:**

Google anticipates needing discovery from American sufficient to refute each cause of action in American's Complaint and to prove any defenses pled by Google. Such discovery would include, but would not be limited to, information and documents relating to: American's selection, adoption, clearance, ownership and use of its alleged trademarks; American's advertising practices and programs; American's development and use of any websites; American's previous efforts to defend its alleged trademarks; actual American advertisements featuring American's alleged trademarks; other documents relating to American's alleged trademarks; American's communications with third parties regarding its trademarks; American's keyword advertising; American's familiarity with and use of Internet advertising, including advertising on search engines; American's advertising triggered by third-party trademarks; American's trademark policies; the history of the trademarks and terms that American seeks to protect; American's evaluation and analysis of its advertising programs; any damages that American has suffered; any evidence of consumer confusion; communications between American and Google; any documents possessed by American relating to Google; American's use of Google's AdWords program; financial information sufficient to establish the damages/other relief sought in the Complaint; research, reports, surveys, investigations or studies relating to consumer perception of American's marks; certain information about American's corporate structure and operations; survey data regarding any alleged use of American's trademarks by Google or others; any evidence relating to American's allegation that Google has participated in or induced infringement or dilution of American's alleged trademarks; and American's agreements and relationships with advertisers. Discovery may also be required of third parties, including but not limited to firms American has engaged for analyzing or conducting

internet advertising and former American employees with knowledge of American's internet advertising. Google reserves the right to seek additional discovery as needed.

3. **Issues Relating to Electronically Stored Information**

The parties intend to identify the specific format and method of production of electronically stored information and monitor costs to ensure equity.

4. **Issues Relating to Claims of Privilege or of Protection as Trial- Preparation Material**

The parties intend to enter into an appropriate confidentiality agreement. The parties agreed in principle that drafts of expert reports and communications between experts and counsel will not be discoverable and intend to prepare a written agreement on this subject. The parties intend to address the discovery of information considered confidential by third parties in either the confidentiality agreement or in a separate agreement.

5. **Changes or Limitations on Discovery**

The parties may require more than the ten depositions per side permitted by the Federal Rules of Civil Procedure. The parties are working on an agreement relative to this issue. If agreement is not reached, one or both parties may request leave of Court to take more than ten depositions.

6. **Other Orders**

The parties do not anticipate at this time that the case will require any other orders under Fed. R. Civ. P. 26(c), 16(b) or (c).

Respectfully submitted,

*[signature: Lars L. Berg]*

Dee J. Kelly
State Bar No. 11217000
Dee J. Kelly, Jr.
State Bar No. 11217250
Lars L. Berg
State Bar No. 00787072
Michael D. Anderson
State Bar No. 24031699
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Phone: (817) 332-2500
Fax: (817) 878-9280

Of Counsel:

Terence P. Ross
Howard S. Hogan
Claudia M. Osorio
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 955-8500
Fax: (202) 467-0539

George A. Nicoud III
GIBSON, DUNN & CRUTCHER LLP
One Montgomery St., Suite 3100
San Francisco, CA 94104
Phone: (415) 393-8200
Fax: (415) 986-5309

**ATTORNEYS FOR AMERICAN AIRLINES, INC.**

Joseph F. Cleveland, Jr.
BRACKETT & ELLIS
A Professional Corporation
100 Main St., Suite 100
Fort Worth, TX 76102-3090
(817) 338-1700
(817) 429-9181 - Metro
(817) 870-2265 - Facsimile

Michael H. Page
Klaus H. Hamm
Benjamin W. Berkowitz
710 Sansome Street
San Francisco, CA 94111-1704
KEKER & VAN NEST LLP
710 Sansome St.
San Francisco, CA 94111
(415) 391-5400
(415) 397-7188 (fax)

**ATTORNEYS FOR GOOGLE INC.**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document has been served on all parties via facsimile on October 22, 2007.

Lars L. Berg