

Doc. 60

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO. |
| | § | |
| v. | § | |
| | § | 4-07-CV-487-A |
| GOOGLE, INC., | § | |
| | § | |
| Defendant | § | |

## APPENDIX IN SUPPORT OF DEFENDANT GOOGLE INC'S RESPONSE TO PLAINTIFF AMERICAN AIRLINES, INC.'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

Defendant Google Inc. ("Google") files this its appendix in support of its response to Plaintiff

American Airlines, Inc.'s motion to compel the production of documents.

Respectfully submitted,

Joseph F. Cleveland, Jr.
State Bar No. 04378900
BRACKETT & ELLIS
A Professional Corporation
100 Main Street
Fort Worth, Texas 76102-3090
Telephone: 817/338-1700
Metro: 817/429-9181
Facsimile: 817/870-2265

Michael H. Page
Klauss H. Hamm
Benjamin W. Berkowitz
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111-1704

---

**APPENDIX IN SUPPORT OF DEFENDANT GOOGLE INC'S RESPONSE TO PLAINTIFF AMERICAN AIRLINES, INC.'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS CASE NO. 4:07-CV-487-A**

**PAGE 1**

287395.1

Telephone: 415/391-5400
Facsimile: 415/397-7188

ATTORNEYS FOR DEFENDANT
GOOGLE INC.

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2008, a copy of Defendants' Response was served on Plaintiff's attorneys of record as follows:

| | |
|---|---|
| Dee J. Kelly | **Via Hand Delivery** |
| Dee J. Kelly, Jr. | |
| Lars L. Berg | |
| Kelly Hart & Hallman, LLP | |
| 201 Main Street, Suite 2500 | |
| Fort Worth, TX 76102 | |

| | |
|---|---|
| Frederick Brown | **Via First Class Mail** |
| George A. Nicoud III | |
| Gibson, Dunn & Crutcher LLP | |
| One Montgomery St., Suite 3100 | |
| San Francisco, CA 94104 | |

Joseph F. Cleveland, Jr.

**APPENDIX IN SUPPORT OF DEFENDANT GOOGLE INC'S RESPONSE TO PLAINTIFF AMERICAN AIRLINES, INC.'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS CASE NO. 4:07-CV-487-A**

**PAGE 2**

287395.1

# INDEX

| Tab | Description | App. No. |
|-----|-------------|----------|
| A | Document "What are keyword matching options?" from Google AdWords Help Center | APP 001 – 002 |
| B | Document "How does the Keyword Tool generate keywords?" from the Google AdWords Help Center | APP 003 – 004 |
| C | Plaintiff American Airlines, Inc.'s Second Request for the Production of Documents from Defendant Google Inc., dated January 9, 2008 | APP 005 – 018 |
| D | E-mail string dated January 22, 2008 re: AA v. Google - data | APP 019 – 021 |
| E | Declaration of Paul Yan | APP 022 – 023 |
| F | Declaration of AfmZakaria Haque | APP 024 – 025 |
| G | E-mail string dated February 4, 2008 re: keyword data | APP 026 |
| H | Declaration of David Baker | APP 027 – 028 |
| I | Plaintiff American Airlines, Inc.'s Third Request for the Production of Documents from Defendant Google Inc., dated January 9, 2008 | APP 029 – 041 |
| J | Letter dated March 21, 2008 re: requests for production | APP 042 – 046 |
| K | Letter dated April 4, 3008 re: spreadsheets and data | APP 047 – 052 |
| L | Excerpts from the deposition transcript of Leslie Altherr, taken on March 20, 2008 | APP 053 – 060 |
| M | Letter dated February 21, 2008 re: Google's responses to Plaintiff's Second Requests for Production of Documents | APP 061 – 063 |
| N | Letter dated March 31, 2008 re: spreadsheet | APP 064 – 068 |
| O | Letter dated March 14, 2008 re spreadsheets | APP 069 – 074 |
| P | Declaration of Klauss Hamm | APP 075 – 077 |
| Q | E-mail string dated May 14, 2008 re: Google's proposed compromise regarding blocked questions | APP 078 – 079 |
| R | E-mail string dated May 14, 2008 re Google's proposed offer of 50 additional engineering hours | APP 080 – 081 |

**APPENDIX IN SUPPORT OF DEFENDANT GOOGLE INC.'S RESPONSE TO PLAINTIFF AMERICAN AIRLINES, INC.'S MOTION TO COMPEL THE PRODUCTIION OF DOCUMENTS CASE NO. 4:07-CV-487-A**

**PAGE 3**

291832.1

417414.01



 **AdWords Help Center**                Change Language: English (US) 

Google Help > AdWords Help > Working with My AdWords Account > Keywords > Matching Options >
Keyword Matching Overview

## What are keyword matching options?

There are four different keyword matching options, each
specifying a different way for a keyword to interact with
search queries. With some options, you'll enjoy more ad
impressions; with others, you'll get fewer impressions
(but potentially more targeted clicks). By applying the
appropriate matching options to your keywords, you can
best meet your ROI goals.

Your options are:

**Broad Match** - This is the default option. If your
ad group contained the keyword *tennis shoes,*
your ad would be eligible to appear when a
user's search query contained *tennis* and *shoes,*
in any order, and possibly along with other terms.
Your ads could also show for singular/plural
forms, synonyms, and other relevant variations.
For example, you ad might show on *tennis shoe*
or *tennis sneakers.* Run a Search Query
Performance Report to see what keyword
variations trigger your ad.

**Phrase Match** - If you enter your keyword in
quotation marks, as in "*tennis shoes,*" your ad
would be eligible to appear when a user
searches on the phrase *tennis shoes,* in this
order, and possibly with other terms before or
after the phrase. For example, your ad could
appear for the query *red tennis shoes* but not for
*shoes for tennis, tennis shoe,* or *tennis sneakers.*
Phrase match is more targeted than broad
match, but more flexible than exact match.

**Exact Match** - If you surround your keywords in
brackets - such as [*tennis shoes*] - your ad would
be eligible to appear when a user searches for
the specific phrase *tennis shoes,* in this order,
and without any other terms in the query. For
example, your ad wouldn't show for the query
*red tennis shoes* or *tennis shoe.* Exact match is
the most targeted option. Although you won't
receive as many impressions with exact match,
you'll likely enjoy the most targeted clicks - users
searching for your exact keyword typically want
precisely what your business has to offer.

**Negative Keyword** - If your keyword is *tennis
shoes* and you add the negative keyword *-red,*
your ad will not appear when a user searches on
*red tennis shoes.* Negative keywords are
especially useful if your account contains lots of
broad-matched keywords. It's a good idea to add
any irrelevant keyword variations you see in a
Search Query Performance Report or the
Keyword Tool as a negative keyword. Learn
more.

### Search AdWords Help Center

examples: *content network* or *daily budget*



**Top 5 Questions**

1. Is there any benefit to adding the same
   keyword to my account three times, each
   with a different match type?
2. Does my choice of match type impact my
   Quality Score?
3. Lesson: Keyword Matching
4. How do I change my keyword matching
   options?
5. How do the Starter Edition and Standard
   Edition compare?

**Look Up Terminology**

Glossary

**Learn from other AdWords users**

Ask questions, share answers, and post your
favorite AdWords tips and tricks on the AdWords
Help Discussion Group.

Posts are not moderated by Google

**APP 001**

Remember, no matter which matching options you use, it's important to only use keywords that accurately describe your product or service. Read more tips on creating an effective keyword list.

**Was this information helpful?**

⊜ Yes   ⊛ No

**You may also be interested in...**

What are the steps to creating a keyword list?
How do I add, edit, or delete my keywords?
How can I monitor the performance of my keywords?

**Don't see the answer to your question?** Try one of these resources:

AdWords Discussion Group - Ask questions, share answers, and post your favorite AdWords tips and tricks on Google Groups.

Learning Center - Build and test your knowledge of AdWords.

Contact Us - Let one of our AdWords Specialists help.

©2008 Google - AdWords Home - AdWords Advertising Policies - Contact Us - Privacy Policy

**APP 002**

B

 **AdWords Help Center**                    Change Language: English (US)

Google Help > AdWords Help > Working with My AdWords Account > Tools > Keyword Tool

## How does the Keyword Tool generate keywords?

We provide the Keyword Tool to help you build relevant, targeted ad campaigns for your AdWords account. Results are based on search history patterns across Google.com and our search partners, including keyword search volume, performance, and traffic patterns.

### How it works

When you submit your keyword, the tool uses several methods to generate results, including:

- Developing a set of synonyms from the keyword.
- Identifying additional search queries that contain the initial keyword as part of a longer keyword phrase. For example, if you submit *europe vacation* as a keyword, the tool may find that many users previously submitted longer variations such as *cheap europe vacation*, *europe vacation tours*, and *affordable europe vacation package*.
- Identifying the sequence of related queries users enter and those search results they click on immediately after their search. For example, if many users enter *Japan travel*, then enter *Okinawa travel*, and finally click a search result link for a hotel in Okinawa, the links and keywords used are related to one another.
- For URLs: Identifying potential keywords from your site content.

### Get more keyword ideas

We encourage you to use any available methods you can to create your keyword lists. Try using a thesaurus, synonym finder, or any other online tools available. Using these tools can help you build a well-targeted keyword list for a successful advertising campaign.

To learn more about our Keyword Tool, see the Keyword Tool section of the Help Center.

### Was this information helpful?

 Yes   No

### You may also be interested in...

What are some advanced tips for using the Keyword Tool?

What statistics can I see for my Keyword Tool results?

**Search AdWords Help Center**

examples: *content network* or *daily budget*

[ keyword tool ]

[ Search AdWords Help Center ]

**Top 5 Questions**

1. How do the Starter Edition and Standard Edition compare?
2. How much does AdWords Starter Edition cost?
3. Now that my Starter Edition ad is running, what essentials should I know?
4. How do I choose effective keywords for my Starter Edition ad?
5. What are keyword matching options?

**Look Up Terminology**

Glossary

**Learn from other AdWords users**

Ask questions, share answers, and post your favorite AdWords tips and tricks on the AdWords Help Discussion Group.

Posts are not moderated by Google

APP 003

How do I use the Keyword Tool?

**Don't see the answer to your question?** Try one of these resources:

AdWords Discussion Group - Ask questions, share answers, and post your favorite AdWords tips and tricks on Google Groups.

Learning Center - Build and test your knowledge of AdWords.

Contact Us - Let one of our AdWords Specialists help.

©2008 Google - AdWords Home - AdWords Advertising Policies - Contact Us - Privacy Policy

APP 004



AMERICAN AIRLINES, INC.,

    Plaintiff,

  -v.-

GOOGLE INC.,

    Defendant.

No. 4:07-CV-487-A

## PLAINTIFF AMERICAN AIRLINES, INC.'S SECOND REQUEST
## FOR THE PRODUCTION OF DOCUMENTS FROM DEFENDANT GOOGLE INC.

Plaintiff American Airlines, Inc. ("American Airlines") hereby requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, that Defendant Google Inc. ("Google") produce the following documents at the offices of Kelly Hart & Hallman LLP, 201 Main Street, Suite 2500, Fort Worth, TX 76102, within thirty (30) days after service of this request.

## INSTRUCTIONS

1.   This First Request for the Production of Documents ("Requests") calls for the production of all information and documents in the possession of Google and/or its attorneys, or subject to the custody or control of Google or its attorneys. Google must make a diligent search of its records (including but not limited to paper records, computerized records, and electronic mail records) and of other papers and materials in its possession or available to Google or its attorneys.

2.      Each Request herein constitutes a request for documents in their entirety, with all enclosures and attachments, and without abbreviation, redaction, or expurgation. Documents attached to each other, including but not limited to by staple, clip, tape, e-mail attachment, or "Post-It" note, should not be separated. The production must also include, where applicable, any index tabs, file dividers, designations, binder spine labels, or other similar information as to the source and/or location of the documents.

3.      Defendants shall produce any and all drafts and copies of each document that are responsive to any Request, and all copies of such documents that are not identical in any respect, including but not limited to copies containing handwritten notes, markings, stamps, or interlineations. The author(s) of all hand-written notes should be identified.

4.      Responsive documents that exist only in paper form shall be organized as they have been kept in the ordinary course of business. If with respect to any category there are no responsive documents, so state in writing.

5.      Responsive documents shall be produced in TIFF format with metadata included. Responsive documents that cannot be produced in TIFF format due to technical reasons shall be produced in a computer-readable and text searchable format to be mutually determined by the parties. Google should produce such documents in their native format copies of all responsive documents maintained in an electronic format where: (a) such responsive documents contain electronically stored information that is only reviewable in such documents' native electronic format; or (b) such responsive documents are most conveniently viewed in their native electronic format. This includes but is not limited to Microsoft Excel files, Microsoft Power Point files, HTML files, and database files. In all cases in which metadata associated with any responsive document or electronically stored information is itself

2

reasonably calculated to the lead to the discovery of admissible evidence, Google must so notify American Airlines and produce such responsive documents and electronically stored information in an electronic format that will preserve such metadata and make it reasonably accessible to American Airlines, including but not limited to producing e-mails that list visible "bcc" recipients and Microsoft Word documents that preserve and reveal any hidden notations, creation or alteration records, and other responsive file system or document metadata. Google should preserve all metadata associated with all responsive documents, including metadata that is not produced pursuant to this instruction. This instruction should be read in accordance with the requirements and limitations imposed by Rules 26(b) and 34 of the Federal Rules of Civil Procedure.

6.    If you object to a portion or an aspect of a Request, state the grounds for your objection with specificity and respond to the remainder of the document request. If any documents, or portion thereof, are withheld because you claim that such information is protected under the attorney-client privilege, work product doctrine, or other privilege or doctrine, you are required to provide a privilege log, specifying for each such document: (*i*) the title of the document, if any; (*ii*) the nature of the document, *e.g.*, letter memorandum, telegram, e-mail, etc.; (*iii*) a description of the subject matter of the document; (*iv*) the name, title, and business affiliation of each person who prepared, received, viewed, and/or has or has had possession, custody or control of the document; (*v*) the name of all persons to whom the information in the document was disclosed, such as would enable your privilege claim to be analyzed and adjudicated; (*vi*) the date of the document; and (*vi*) a statement of the basis upon which the privilege or work product claim is made.

**APP 007**

7.      If you claim that a portion of a document is protected from disclosure for any reason, produce such document with redaction of only the portion claimed to be protected. Any document produced in redacted form should clearly indicate on its face that it has been redacted.

8.      If you object that a Request is vague or ambiguous, identify the objectionable aspect of the Request, state your interpretation of the Request and respond to that interpretation.

9.      If Google cannot fully respond to a Request, after a diligent attempt to obtain the requested information, Google must answer the Request to the extent possible, specify the portion of the Request Google is unable to answer, and provide whatever information Google has regarding the unanswered portion.

10.     If any document called for by the Requests has been destroyed, lost, discarded or is otherwise no longer in Google's possession, custody or control, Google shall identify such document as completely as possible, and shall specify the date of disposal of the document, the manner of disposal, the reason for disposal, the person authorizing disposal, and the person disposing of the document.

11.     The following rules of construction apply to all Requests:

   a.  The terms "any," "all," "each" and "every" should be understood in either their most or least inclusive sense as necessary to bring within the scope of the Requests all responses that might otherwise be construed to be outside of their scope.

   b.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all responses that might otherwise be construed outside of their scope.

4

c. The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

d. The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scope of the document requests all responses that might otherwise be construed to be outside of their scope.

12. These Requests shall be deemed continuing in nature in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. Supplemental responses are required if additional responsive information is acquired or discovered between the time of responding to this request and the time of trial.

13. Unless otherwise specified, the relevant time period for these Requests is October 1, 1999, through the present.

## DEFINITIONS

1. "American Airlines" means American Airlines, Inc. and any of its successors, predecessors, divisions, departments, or affiliates, and any of its present or former officers, directors, employees, accountants, agents, attorneys, or other persons acting for, at the direction of, or in concert with such persons or entities.

2. The "American Airlines Marks" refers to the following names, logos, symbols, nicknames, and other indicia that consumers use to identify goods or services offered, marketed, promoted, sponsored, endorsed or approved by American Airlines: American Airlines, AmericanAirlines, AA, A A, AAdvantage, American Connection, AA.com, American Eagle, and American Airlines Center.

5

3.     The terms "Google," "you," and "your" mean Google Inc. and any of its predecessors, successors, parents, subsidiaries, divisions, departments, or affiliates, and any of its present or former members, officers, directors, partners, employees, contract employees, accountants, agents, attorneys, or other persons acting for, at the direction of, or in concert with such persons or entities.

4.     The term "Google Customer" means any person who has provided or will provide consideration to Google in exchange for any goods or services provided by Google.

5.     The term "Google's Advertising Programs" means all of Google's advertising programs and business solutions, including but not limited to Google AdSense and Google AdWords, both described at *http://www.google.com/intl/en/ads/*, Google Custom Search, as described at *http://www.google.com/coop/cse*, and Google Custom Search Business Edition, as described at *http://www.google.com/enterprise/csbe/index.html*.

6.     The term "Keyword" refers to any word, phrase, or term that is used by Google or its programming to trigger Internet advertising or any other message or service that causes Google to earn any consideration, directly or indirectly.

7.     The term "Sponsored Link" refers to any Internet advertisement or other message that (*a*) is or was published as a part of Google's Advertising Programs as a result of the entry of a Keyword into Google's search engine or other Internet programming and (*b*) contains a hyperlink to an Internet website.

8.     The term "Related Keywords" refers to Keywords suggested by Google or its programming when a Google Customer designates a particular word or phrase to be used as a Keyword in one of Google's Advertising Programs, as set forth in paragraphs 73 to 75 of the Complaint.

APP -010

9.     The term "Broad Match Keywords" refers to variants of Keywords or terms related to Keywords that Google designates to trigger the Sponsored Link of a Google Customer in one of Google's Advertising Programs when an Internet user does not enter into his or her search engine the exact Keyword or Keywords designated by the Google Customer.

10.     The term "Studies" includes all investigations, surveys, searches, tests, polls, focus groups or studies of any kind, including but not limited to disclaimer studies, consumer confusion experiments, or other user experiments as described by Mr. Larry Page in his deposition in *Google, Inc. v. American Blind & Wallpaper Factory, Inc.*, Case No. C 03-5340-JF (N.D. Cal.).

11.     The term "communication" has the broadest meaning possible and shall mean the transmittal of information, including but not limited to oral, electronic, digital or written means.

12.     The terms "concern" or "concerning" shall have the broadest meaning possible and shall mean directly or indirectly, in whole or in part, alluding to, responding to, with respect to, relating to, pertaining to, referring to, describing, mentioning, evidencing, reflecting or constituting, commenting on, consisting of, in connection with, or otherwise having a connection to the subject matter of the Request.

13.     The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" set forth in Rule 34 of the Federal Rules of Civil Procedure and they shall have the broadest meaning possible and shall mean any form of communication however produced, reproduced or recorded, including all originals, non-identical copies and drafts, including, without limitation: correspondence, letters, electronic mail, enclosures, memoranda, notes or notations, intra-office

APP 011

communications, notes and minutes of telephone or other conversations, conferences or meetings, calendar or diary entries, notices, announcements, requisitions, resolutions, opinions, reports, studies, analyses, evaluations, agreements, ledgers, books or records of account, financial statements, logs, account memoranda, trial balances, spreadsheets, summaries, charts, graphs, sound recordings, photographs, video recordings, records in electronic, mechanical, magnetic, optical, or electric form, records or representations of any kind (including but not limited to computer data, computer files, computer programs, hard drives, floppy disks, compact disks, magnetic tapes and cards, and all other electronically stored information, regardless of the medium in which such records are stored), and things similar to any of the foregoing, whatever the form.

14. The term "including" means "including but not limited to."

15. The term "person" means any individual, corporation or any other type of entity, including, but not limited to limited liability companies, partnerships or groups of individuals.

16. The term "relate to" shall have the same meaning as the terms "concern" and "concerning" that are set forth in these definitions.

17. The terms "trademark" and "trademarks" shall also include service marks and trade names and shall include both registered and unregistered trademarks, service marks and trade names.

## DOCUMENTS REQUESTED

1. Copies of all responses to interrogatories propounded by Google in the following lawsuits:

      (a) *Google, Inc. v. American Blind & Wallpaper Factory, Inc.*, Case No. C 03-5340-JF (N.D. Cal.) (filed Nov. 26, 2003);

8

(b) *American Blind & Wallpaper Factory, Inc. v. Google, Inc., et al.*, 04 Civ. 0642 (S.D.N.Y.) (filed Jan. 27, 2004);

(c) *Government Employees Insurance Co. v. Google, Inc., et al.*, Case No. 1:04cv507 (E.D. Va.) (filed May 4, 2004);

(d) *Rescuecom Corporation v. Google Inc.*, Case No. 5:04-CV-1056 (N.D.N.Y.) (filed Sept. 6, 2004); and

(e) *CNG Financial Corporation v. Google Inc.*, Case No. 1:06civ040 (S.D. Ohio) (filed Jan. 24, 2006).

2.     All video tapes, audio tapes, or other forms of video or audio recording of

depositions in the following lawsuits:

(a) *Google, Inc. v. American Blind & Wallpaper Factory, Inc.*, Case No. C 03-5340-JF (N.D. Cal.) (filed Nov. 26, 2003);

(b) *American Blind & Wallpaper Factory, Inc. v. Google, Inc., et al.*, 04 Civ. 0642 (S.D.N.Y.) (filed Jan. 27, 2004);

(c) *Government Employees Insurance Co. v. Google, Inc., et al.*, Case No. 1:04cv507 (E.D. Va.) (filed May 4, 2004);

(d) *Rescuecom Corporation v. Google Inc.*, Case No. 5:04-CV-1056 (N.D.N.Y.) (filed Sept. 6, 2004); and

(e) *CNG Financial Corporation v. Google Inc.*, Case No. 1:06civ040 (S.D. Ohio) (filed Jan. 24, 2006).

3.     Documents sufficient to identify and provide the following information

concerning each and every Sponsored Link or other messages published as a part of Google's

Advertising Programs that was triggered by a Keyword or other designated search term that

incorporates one or more of the American Airlines Marks or Terms Similar To The American

Airlines Marks:

(a) The text of all such Sponsored Links;

(b) All other Keywords used by the Google Customer responsible for such a

Sponsored Link;

(c) The price paid per click on each such Sponsored Link;

4.    Documents sufficient to identify and disclose the conclusions or findings of all Studies conducted by, for, on behalf of, or to the benefit of Google concerning the use of any trademark as a Keyword in one of Google's Advertising Programs.

5.    Documents sufficient to identify and disclose the conclusions or findings of all Studies conducted by, for, on behalf of, or to the benefit of Google concerning the use of the term "Sponsored Link" as opposed to any other form of designation for the Sponsored Links in Google's Advertising Programs.

6.    Documents sufficient to identify and disclose the conclusions or findings of all Studies conducted by, for, on behalf of, or to the benefit of Google concerning ways in which Internet users distinguish between Sponsored Links and natural (organic) search results, including but not limited to Studies that test the effect of any language, colors, design elements, placement, or disclaimers on such Sponsored Links and natural (organic) search results.

7.    Documents sufficient to identify and disclose the conclusions or findings of all Studies conducted by, for, on behalf of, or to the benefit of Google concerning any effect that any difference or changes in language, colors, design elements, placement, or disclaimers may have on Internet user's perceptions of Sponsored Links, including but not limited to Studies any effect that any difference or changes in language, colors, design elements, placement, or disclaimers may have on click through rates for Sponsored Links.

8.    Documents sufficient to identify and provide the following information concerning all Related Keywords that Google or its programming have suggested to Google Customers and/or Internet users when such Google Customers and/or Internet users have designated one of the American Airlines Marks as a Keyword in one of Google's Advertising

APP 014

Programs: (a) the number of times that Google or its programming suggested that such Related Keyword be used, in terms of page views or other available measure; (b) the number of times that a Google Customer followed Google's suggestion and designated such Related Keyword to be used as a Keyword in Google's Advertising Program; (c) the number of page views of each Sponsored Link triggered by a use of such a Related Keyword; and (d) the number of times that an Internet user "clicked through" a Sponsored Link triggered by a use of such a Related Keyword.

9.     Documents sufficient to identify and provide the following information concerning all search terms that Google or its programming have designated to trigger the publication of a question on Google's search results page asking whether the Internet user that entered the search term in question "mean[t]" to use one of the American Airlines Marks as an Internet search term: (a) the number of times that the search term was entered into Google's search engine and then triggered the publication of the question "Did you mean" an American Airlines Mark, in terms of page views or another readily available measure; and (b) the number of time that Internet users followed Google's suggestion and clicked on the link asking whether they "mean[t]" to search for the American Airlines Mark

10.     Documents sufficient to identify and provide the following information concerning all search terms that Google or its programming have identified as a "misspelling" of an American Airlines Mark when entered into the Google search engine as a search term such that the correct spelling of the American Airlines Mark will appear within the text of the resulting Sponsored Link(s): (a) the number of times that these misspellings have been used as search terms in Google's search engine; (b) the number of page views of each Sponsored Link in which a "misspelled" search term was displayed in the text of the Sponsored Link as an

American Airlines Mark; and (c) the number of times that an Internet user "clicked through" a Sponsored Link in which a "misspelled" search term was displayed in the text of the Sponsored Link as an American Airlines Mark.

11.    Documents sufficient to identify and provide the following information concerning all Broad Match Keywords that Google or its programming have designated to trigger the Sponsored Links of a Google Customer that has designated an American Airlines Mark as a Keyword in one of Google's Advertising Programs: (a) the number of page views of each Sponsored Link triggered by a use of such a Broad Match Keyword; and (b) the number of times that an Internet user "clicked through" a Sponsored Link triggered by a use of such a Broad Match Keyword.

Dated: January 9, 2008

<div style="margin-left: 40%;">

Respectfully submitted,

*Howard S. Hogan*

Terence P. Ross (admitted *pro hac vice*)
Howard S. Hogan (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 955-8500
Fax: (202) 467-0539

Dee J. Kelly (State Bar No. 11217000)
Dee J. Kelly, Jr. (State Bar No. 11217250)
Lars L. Berg (State Bar No. 00787072)
Michael D. Anderson (State Bar No. 24031699)
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Phone: (817) 332-2500
Fax: (817) 878-9280

</div>

**APP 016**

George A. Nicoud III
GIBSON, DUNN & CRUTCHER LLP
One Montgomery St., Suite 3100
San Francisco, CA 94104
Phone: (415) 393-8200
Fax: (415) 986-5309

*Attorneys for Plaintiff American Airlines, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered on this ninth day of January, 2008, by e-mail and United States first class mail to Defendant's counsel, as follows:

Joseph F. Cleveland, Jr.
BRACKETT & ELLIS, P.C.
100 Main Street
Fort Worth, TX    76102-3090

Michael H. Page (*Pro Hac Vice*)
Klaus H. Hamm (*Pro Hac Vice*)
Benjamin Berkowitz (*Pro Hac Vice*)
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111-1704

Howard S. Hogan

14

APP 018