



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO. |
| | § | |
| v. | § | |
| | § | 4-07-CV-487-A |
| GOOGLE, INC., | § | |
| | § | |
| Defendant | § | |

## DEFENDANT GOOGLE, INC.'S SECOND MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND BRIEF IN SUPPORT

Defendant Google, Inc. ("Google") hereby moves to compel the production of documents, and in support thereof states as follows:

### I.     INTRODUCTION

Plaintiff American Airlines, Inc. ("American") has improperly withheld native files for attachments included in the damages report submitted by its designated expert, Dr. Dan Jackson. These native files are part of the final version of Dr. Jackson's report and without them, Google is unable fully to evaluate Dr. Jackson's calculations.  Google respectfully requests that this Court either (1) compel the production of the native files improperly withheld by American and permit Google to submit an amended rebuttal report based on those newly produced files or (2) strike Dr. Jackson's report and preclude Dr. Jackson from offering an opinion at trial.

### II.     FACTS

The facts relating to this discovery dispute are straightforward.  American has sued Google for alleged consumer confusion relating to third parties who advertise on Google's website using keywords that are allegedly the same as or similar to American's trademarks.  To prove its damages, American submitted an expert report written by Dr. Dan Jackson.  This expert report contained spreadsheets containing Dr. Jackson's calculations.  American printed these spreadsheets to a .pdf file, which is a fixed file format, and produced the spreadsheets to Google

Dockets.Justia.com

in this fixed file format.[1]  As produced, these do not provide Google with the formulas and calculations contained in Dr. Jackson's expert report and, as a result, it is impossible for Google fully to evaluate his analysis.

Rather than produce the actual files that Dr. Jackson included in his report, American has repeatedly provided substitute files that omit calculations or contain altered calculations from those included in Dr. Jackson's actual report.  Google has repeatedly requested that American produce Dr. Jackson's spreadsheets in their native format.  However, American has refused and instead sought to provide Google with substitute spreadsheets containing different calculations than the calculations in Dr. Jackson's actual expert report.

American served Dr. Jackson's expert report on Google via e-mail on June 9, 2008.  The report contained thirteen attachments.  Attachments 4-13 were Excel spreadsheets printed to .pdf files.  The original Excel spreadsheets were not attached and Google had no way of deriving many of the formulas contained in the Excel spreadsheets from the printed .pdf files that American produced.  On June 12, 2008, Google requested by e-mail that American produce the native files for attachments 4 through 13 to Dr. Jackson's report.[2]  On June 13, 2008, counsel for American responded to Google's e-mail, stating "Attached are the native files that you requested."[3]  However, the file that American sent was not the native file for the attachments to the Jackson report.  Instead, what American's counsel had attached was a file created on June 13, 2008—four days after Jackson submitted his report—and though it appeared to contain the same text as the attachments to the Jackson report, Dr. Jackson's formulas had been erased from the file.

On June 13, Google sent another email to American requesting production of the actual

---

[1] Contemporaneously with its Motion to Compel, Google has filed an Appendix.  Citations to the Appendix will be designated by "APP" followed by the specific page number of the Appendix supporting the assertion.  One of the documents in Google's Appendix, Dr. Dan Jackson's expert report, has been designated by American as highly confidential under the terms of the parties' confidentiality agreement.  This document cannot be unilaterally filed, and Google intends to follow the procedures contemplated under the Confidentiality Agreement.  The current Appendix contains a placeholder for Dr. Jackson's report (Exhibit "D") in lieu of the actual report.  Google intends to supplement its Appendix with the actual document as soon as possible.  APP 0048 – APP 0185

[2] APP 002.

[3] *Id.*

native files included in Jackson's expert report.[4]  Google's rebuttal damages report was due on June 30, 2008 and Google needed to receive the native files in time for its damages expert, Dr. Doug Kidder, to review the formulas used by Dr. Jackson.  On June 17, having received no response from American, Google again emailed American regarding the native Jackson files.[5]  On June 18, American emailed additional new files to Google.[6]  Again, these were not the native files created by Jackson and included in his report.  The newest Excel file sent by American was a document created on June 18, 2008—nine days after Jackson submitted his report—and which contained different calculations and formulas from the ones contained in Dr. Jackson's original report.[7]  On June 19, 2008, Google again requested that American produce the actual native files Jackson included in his report.[8]  On June 23, having received no response, and with time running out for Google to provide its rebuttal expert report, Google renewed its request for the native files.[9]

In response to Google's June 23 email, American claimed for the first time that it was entitled to withhold the native Jackson files because they were "drafts" of Dr. Jackson's report and therefore exempt from production under the parties' agreement not to produce drafts.[10]  On June 26, American again sent Google newly created Excel files.[11]  These files however were not the files that were included in Dr. Jackson's report and neither did they appear to be identical in content to those files.  That same day, Google again requested that American produce the native files included in Dr. Jackson's report.[12]  To date American has not produced these files.  On June 30, 2008, the deadline for submitting rebuttal expert reports, Google submitted its rebuttal report

---

[4] APP 0001 – APP 0002.

[5] APP 0001.

[6] APP 0007  - APP 0008.

[7] APP 0007.

[8] *Id.*

[9] APP 0006 – APP 0007.

[10] APP 0005 – APP 0006 and APP 0010 – APP 0011.

[11] APP 0004 – APP 0005.

[12] APP 0004.

**MEMORANDUM IN SUPPORT OF GOOGLE'S SECOND MOTION TO**      **PAGE 3**
**COMPEL PRODUCTION OF DOCUMENTS**
**NO. 4-07-cv-487-A**      295144

to Dr. Jackson's damages report without the benefit of being able to review the formulas used by Dr. Jackson in conducting his damages analysis. In contrast to American's production, Google has produced the native files created by its rebuttal expert, Dr. Kidder, and included in his report.

## III.  ARGUMENT AND AUTHORITIES

To understand an Excel spreadsheet, "the user must be able to ascertain the formula[s] within the cell[s]." *Williams v. Sprint*, 230 F.R.D. 640, 647 (D. Kan. 2005). American's refusal to produce the native files for the attachments that Dr. Jackson included in his expert report has prejudiced Google's ability to rebut Dr. Jackson's report by hiding from Google and its rebuttal expert the formulas used by Dr. Jackson in his calculations. American's recent assertion that the native files are protected from discovery by the parties' agreement not to produce draft reports is spurious. Google has not sought and is not seeking drafts of Dr. Jackson's report. Rather, Google seeks the actual attachments to Dr. Jackson's report itself. Without these attachments, which contain the formulas used by Dr. Jackson, Google can neither fully understand nor recreate his calculations. *See Williams v. Sprint*, 230 F.R.D. 640 (D. Kan. 2005) (holding that the production of spreadsheets in static format was insufficient where mathematical formulas were eliminated). American's refusal to produce these native files effectively precludes Google from independently evaluating American's damages claims.

## IV.  CONCLUSION

For the foregoing reasons, Google respectfully requests that this Court enter an order requiring American to produce to Google immediately attachments four through thirteen of Dr. Jackson's expert report in this case in native format and permitting Google to submit an amended rebuttal report or, in the alternative, striking Dr. Jackson's report and excluding any testimony by him at trial.

Respectfully submitted,

Joseph E. Cleveland, Jr.
Texas Bar No. 04378900
Richard H. Gateley
Texas Bar No. 07752500
BRACKETT & ELLIS
A Professional Corporation
100 Main Street
Fort Worth, TX 76102-3090
Telephone: 817/338-1700
Metro: 817/429-9181
Facsimile: 817/870-2265

**OF COUNSEL:**

Ragesh Tangri
California Bar No. 159477
Daralyn Durie
California Bar No. 169825
Klaus H. Hamm
California Bar No. 224905
Benjamin W. Berkowitz
California Bar No. 244441
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: 415/391-5400
Facsimile: 415/397-7188

ATTORNEYS FOR DEFENDANT
GOOGLE INC.

**MEMORANDUM IN SUPPORT OF GOOGLE'S SECOND MOTION TO**      **PAGE 5**
**COMPEL PRODUCTION OF DOCUMENTS**
**NO. 4-07-cv-487-A**      295144

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for Plaintiff American Airlines on July 3, 2008, who was opposed to this motion. Therefore, it is presented to the Court for determination.

_____
Joseph F. Cleveland, Jr.

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true copy of the foregoing document has been served on counsel of record as follows:

**Via Hand Delivery**

Dee J. Kelly
Dee J. Kelly, Jr.
Lars L. Berg
Michael D. Anderson
Kelly Hart & Hallman, LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102

**Via First Class Mail**

Frederick Brown
George A. Nicoud III
Gibson, Dunn & Crutcher LLP
One Montgomery St., Suite 3100
San Francisco, CA 94104

Date: July 3, 2008

_____
Joseph F. Cleveland, Jr.