IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC. § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:07-487-A  4:07-CV-487-A |
| § | |
| GOOGLE, INC. § | |
| § | |
| Defendants. § | |

### DEFENDANT GOOGLE, INC.'S UNOPPOSED MOTION TO ENLARGE PAGE LIMITATIONS

Comes now Defendant Google, Inc. ("Google") and files this Motion to Enlarge Page Limitations and in support thereof would state as follows:

Google respectfully requests permission to exceed the twenty-five (25) page limit under local rule 7.2(c). Despite every effort to comply with the twenty-five (25) page limit, Google's response is 30 pages in length. The response is attached hereto as Exhibit "A". American Airlines is not opposed to this motion.

In Plaintiff American Airline's ("AA") Second Motion to Compel, AA raises numerous discovery issues ranging from noncompliance with Court orders, spoliation of evidence, and failure to respond sufficiently to over twenty separate discovery requests. Google should be given a full opportunity to defend itself against these serious and myriad charges. To do so, Google was required to provide detailed factual information about the scope of the discovery in this case and Google's production; as well as the parties' extensive history to meet and confer over these issues. This difficulty is also evidenced by the complexity of the discovery and the sheer volume of discovery that has already been produced. Google therefore devotes significant

space in its response refuting the numerous unsupported conclusory allegations made in AA's motion.

Because AA made numerous unsupported assertions, Google was required to devote multiple pages of its response pointing out to the Court the full record of evidence that refutes them. For example, Google had to devote five pages of its response demonstrating how its complied with the Court's order of June 16, 2008, and how the Court's order does not provide AA access to all of Google's e-mail systems and other databases from which Google has already produced responsive information. In its motion, AA claims it is entitled to unlimited and unsupervised access to Google's databases. Google devoted approximately 3 pages of its brief explaining how it is in fact providing access to certain databases while ensuring AA does not divert or harm any third-parties accounts or the databases themselves and does not access irrelevant information over which third-parties have a valid right of privacy. Additionally, Google devoted approximately two pages of its brief demonstrating the fact that without any reasonable limitations imposed by Google, there would be no way to protect irrelevant third-party confidential information and if the court were to grant AA unlimited access to these databases, it would threaten third-party private account information.

In its motion, AA claims that Google intentionally destroyed responsive documents. In its response, Google devoted 6 pages detailing how AA's motion mischaracterizes the relevant testimony, misleadingly quotes testimony or misstates relevant facts to support this spurious claim. Additionally, Google dedicated approximately a page and a half marshaling evidence from numerous sources to show that based on Google's normal retention practices, it is unlikely that any material information was destroyed.

In its motion, AA moved to compel production of documents on numerous requests about which it has never met or conferred or provided no argument or authorities in its motion to support its discovery requests. Google therefore had to explain in detail in various sections of its response how AA's failure to meet and confer on these requests had prevented the parties from resolving differences about the scope of AA's discovery without court intervention and denied Google the opportunity to respond to AA's concerns short of filing its motion.

In its motion, AA also sought an order compelling further responses to requests for "broad match" data. Google used three pages of its brief to explain how it has produced and made available to AA the "broad batch" data it now possesses, that correlates search terms to key words for the advertisers at issue. Google spent an additional page and a half of its brief explaining how it has produced and will continue to produce documents to provide an explanation of the technology at issue. Google spent a page explaining how it had already notified AA that the key word tool data AA demands does not even exist. Google's spent an additional page and a half discussing how it produced all relevant information, and it is producing all relevant information about AA's competitors responsive to certain requests. In its response, Google also had to spend approximately one page illustrating how it has produced its trademark studies and documents about the appearance of its ads and will continue to do so to the extent any further such documents exist. In various points of its response, Google set out in detail ways in which Google has in good faith, responded to AA's discovery requests.

Because of the numerous arguments in AA's motion, discussion of these issues cannot be confined to the Court's twenty-five (25) page limit. Given the complexity of these issues, and the magnitude of this case, each of these issues deserved to be responded to fully. Google deserves the right to fully brief all of these serious accusations AA has made against Google so

that the Court may make an informed and just decision based on the record and authorities that have been provided.

For the reasons state, Google requests that this Court grant their motion to enlarge page limitation and enter such other and further leave which Google may show itself justly entitled.

Respectfully submitted,

[signature]

Joseph F. Cleveland, Jr.
Texas Bar No. 04378900
Richard H. Gateley
Texas Bar No. 07752500
BRACKETT & ELLIS
A Professional Corporation
100 Main Street
Fort Worth, TX 76102-3090
Telephone: 817/338-1700
Metro: 817/429-9181
Facsimile: 817/870-2265

ATTORNEYS FOR DEFENDANT
GOOGLE INC.

**OF COUNSEL:**

Ragesh Tangri
California Bar No. 159477
Daralyn Durie
California Bar No. 169825
Klaus H. Hamm
California Bar No. 224905
Benjamin W. Berkowitz
California Bar No. 244441
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: 415/391-5400
Facsimile: 415/397-7188

## CERTIFICATE OF CONFERENCE

The undersigned counsel for Defendant Google, Inc. conferred with counsel for Plaintiff American Airlines, Inc. regarding the Foregoing Motion to Enlarge Page Limitations. Counsel for American indicated American does not oppose the Motion.

_____
Joseph F. Cleveland, Jr.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered on this ___ day of July, 2008, to Plaintiff's counsel, as follows:

**Via First Class Mail**

Dee J. Kelly
Dee J. Kelly, Jr.
Lars L. Berg
Michael D. Anderson
Kelly Hart & Hallman, LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102

**Via First Class Mail**

Frederick Brown
George A. Nicoud III
Gibson, Dunn & Crutcher LLP
One Montgomery St., Suite 3100
San Francisco, CA 94104

_____
Joseph F. Cleveland, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE, INC., <br><br> Defendants. | Civil Action No. 4-07-CV-487-A |

# DEFENDANT GOOGLE INC'S OPPOSITION
## TO PLAINTIFF'S SECOND MOTION TO COMPEL

Joseph F. Cleveland, Jr.
Richard H. Gateley
BRACKETT & ELLIS
A Professional Corporation
100 Main Street
Fort Worth, TX 76102-3090
Telephone: 817/338-1700
Facsimile: 817/870-2265

Michael H. Page
Klauss H. Hamm
Benjamin W. Berkowitz
Ajay S. Krishnan
Ragesh K. Tangri
Rachael Meny
Daralyn J. Durie
Melissa J. Miksch
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: 415/391-5400
Facsimile: 415/397-7188

ATTORNEYS FOR DEFENDANT
GOOGLE INC.



EXHIBIT A

# TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS ................................................................. i

TABLE OF AUTHORITIES .......................................................... iii

I. INTRODUCTION ................................................................ 1

II. LEGAL STANDARD ............................................................ 4

III. ARGUMENT ..................................................................... 5

    A.   Google Believes It Has Complied With the Court's Order of June 16, 2008 .................................................................. 5

        1.   The Court's Order does not provide AA access to all of Google's e-mail systems and other databases from which Google has already produced responsive information ................. 5

        2.   Google is not overly restricting AA's access to the electronic information ........................................................ 10

            a.   Without the reasonable limitations proposed by Google there is no way to protect irrelevant third parties' confidential information ................................ 12

            b.   Granting AA unlimited access to these databases would threaten third parties' private, valuable account information ... 14

    B.   AA's Claim That Google Failed to Preserve Relevant Documents And Its Claim That Relevant Documents Have Been Destroyed Have No Basis ...... 15

        1.   There is no evidence that Google ever destroyed responsive documents ........................................................ 15

        2.   There is no evidence that Google destroyed documents ............. 17

        3.   There is no evidence that Google acted willfully or in bad faith ....... 18

| | | |
|---|---|---|
| | C. | The Court Should Deny AA's Motion To Compel Regarding The 12 Requests That AA Never Met and Conferred About Or Does Not Specifically Address In Its Motion ................................... 21 |
| | D. | Google Has Produced and Made Available to AA its Accessible "Broad Match" Data ............................................. 22 |
| | E. | Google Will Continue to Produce Technical Documents That Explain The Its Broad Match Functionality ................................ 24 |
| | F. | Google Already Has Notified AA That The Keyword Tool Data AA Demands Does Not Exist ........................................... 26 |
| | G. | Google Is Producing Relevant Information About AA's Competitors ........ 26 |
| | H. | Google Has Produced Its Trademarks Studies and Documents About The Appearance Of Its Ads ........................................ 28 |
| | I. | Google Will Produce Relevant Documents From Jeffrey Zidell and Relevant OKR's ................................................. 29 |
| | J. | Google Has Worked Diligently To Produce The Documents Demanded by AA's Motion ................................................. 29 |
| IV. | CONCLUSION | ............................................................. 30 |
| CERTIFICATE OF CONFERENCE | | ............................................... 31 |
| CERTIFICATE OF SERVICE | | .................................................. 33 |

# TABLE OF AUTHORITIES

**PAGE**

**FEDERAL CASES**

*A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 193 (C.D. Cal. 2006) ............. 18

*Ameriwood Indus., Inc. v. Liberman*, 2006 WL 3825291, *4 - 5 (E.D. Mo. 2006) ............ 9

*Cent. Valley Chrysler Valley Jeep, Inc. v. Witherspoon*, 2006 U.S. Dist. LEXIS
    48892 (E.D. Cal. July 7, 2006) ........................................ 4

*Floeter v. City of Orlando*, 2006 WL 1000306, at *3 (M.D. Fla. 2006) .................... 7

*Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*,
    103 F.3d 1007, 1012-13 ........................................... 3

*In Re First Plus Financial Group, Inc., Sec. Litig.*, 2002 WL 31415951
    (N.D. Tex. Oct. 28, 2002) ......................................... 19

*In Re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003) ........................ 7, 9

*Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1035 (8th Cir. 2007) .................... 19

*Hynix Semiconductor Inc. v. Rambus, Inc.*, 2006 WL 565893 (N.D. Cal. Jan. 5, 2006) ....... 18

*Malletier v. Dooney & Bourke, Inc.*, 2006 WL 3851151 at *3 (S.D.N.Y. 2006) ............. 19

*Mansel v. Raytheon Co.*, 2003 WL 21752275, *1 (N.D. Tex. 2003) ...................... 20

*Menke v. Broward County Sch. Bd.*, 916 So. 2d 8, 11 (Fla. Dist. Ct. App. 2005) ............ 9

*Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) .............................. 20

*Sacramona v. Bridgestone/Firestone, Inc.*, 152 F.R.D. 428, 430 (D. Mass. 1993) ........... 4

*School-Link Technologies, Inc. v. Applied Resources, Inc.*, 2007 WL 677647
    at *3, 4 (D. Kan. 2007) .......................................... 20

*Scotts Co. LLC v. Liberty Mut. Ins. Co.*, 2007 WL 1723509, *2 (S.D. Ohio 2007) ........... 5

*Slattery v. Precision Response Corp.*, 167 Fed. Appx. 139, 141 (11th Cir. 2006) ........... 19

*United States v. Kitsap Physicians Service*, 314 F.3d 995, 1001 (9th Cir. 2002) . . . . . . . . . . . . 18

*Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . 18

## STATE CASES

*In re Lowe's Companies, Inc.*, 134 S.W.3d 876 (Tex. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Texaco, Inc. v. Dominguez*, 812 S.W. 2d 451, 456 (Tex. App. - San Antonio 1991, orig. proceeding) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## FEDERAL RULES

Fed. R. Civ. P. 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Fed. R. Civ. P. 34 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

Fed. R. Civ. P. 37 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

## OTHER

Local Civil Rule 7.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

8 Wright, Miller & Marcus, *Federal Practice & Procedure* § 2008.1 . . . . . . . . . . . . . . . . . . . . . . 5